**Robert L. PATE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62759.**

Court of Criminal Appeals of Texas, Panel No. 1.

Jan. 23, 1980.

Colbert N. Coldwell, on appeal only, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Lane C. Reedman, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and W. C. DAVIS, JJ.

OPINION

ONION, Presiding Judge.

This appeal is taken from a felony conviction for possession of cocaine. Following a bench trial upon a plea of not guilty, the punishment was assessed by the court at ten (10) years' imprisonment, probated.

On appeal in two grounds of error, appellant contends the trial court erred in overruling his motion to set aside the indictment against him for the failure (1) to accord him a speedy trial under the provisions of Article 32A.02, V.A.C.C.P., and (2) to accord him a speedy trial as required by the Sixth Amendment, United States Constitution, and Article I, § 10 of the State Constitution, and the provisions of Article 1.05, V.A. C.C.P.

The record shows that appellant was arrested for the felony offense of possession

of cocaine on May 6, 1977. He was released on bail on May 8, 1977. No further action was taken on the case until an indictment was returned on December 14, 1978. On December 20, 1978, the State filed a written announcement of ready. On December 29, 1978, the appellant filed his motion to set aside the indictment. On January 19, 1979, there was a joint hearing on the motion to set aside the indictment and a motion to reduce bail. At the conclusion of the said hearing, the motion to reduce bail was granted but the motion to set aside the indictment was denied. On April 19, 1979, the appellant entered a plea of not guilty to the felony charge, and having heard the evidence, the court found the appellant guilty.

Article 32A.02 (Speedy Trial Act), V.A.C. C.P. (effective July 1, 1978), provides in pertinent part:

"Section 1. A court shall grant a motion to set aside an indictment . . . if the state is not ready for trial within:

"(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony;

" * * *

"Sec. 2. (a) . . . a criminal action commences for purposes of this article when an indictment . . . against the defendant is filed in court, unless prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested."

In *Wade v. State,* 572 S.W.2d 533 (Tex.Cr. App.1978), this court held that the time periods provided in said Article 32A.02 will run from the Speedy Trial Act's effective date of July 1, 1978 for cases pending on that date.

The instant case was a case pending on July 1, 1978. Appellant was not indicted

until December 14, 1978, more than 165 days after July 1, 1978. At the hearing on the motion to set aside the indictment the various time periods were established by the appellant, who pointed out to the trial court that the State had not been ready within 120 days after July 1, 1978. Although the State had filed a written announcement of ready after the filing of the indictment, it did not state at the said hearing that it was ready then and had been ready within the 120 days from July 1, 1978. See and cf. *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979). Further, the State offered no evidence to show why it was not ready within the 120 days so as to bring it within any of the exceptions to the Speedy Trial Act.[1] On appeal appellant argues that the State could not have been ready under any circumstances within the 120 days' time period following July 1, 1978 because there was no indictment or felony information upon which the State could have announced ready.[2]

We conclude, under the circumstances of the instant case, the appellant is entitled to relief under the provisions of Article 32A.02, supra. The court erred in overruling the motion to set aside the indictment. Since appellant is entitled to discharge in light of our disposition of his first ground of error, we need not reach his second contention.

The judgment is reversed, the indictment is ordered dismissed and the appellant discharged under the terms of the Speedy Trial Act.

---

1. In its brief the State attributes the delay in bringing prosecution against the appellant to seemingly "simple negligence."

2. This case is distinguishable from *Fraire v. State,* 588 S.W.2d 789 (Tex.Cr.App.1979).