Frederico MADRIGAL, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 3–81–022–CR.

Court of Appeals of Texas,
Austin.

June 2, 1982.

Bobby R. Taylor, Taylor & Black, Austin, for appellant.

Ronald Earle, Dist. Atty., Philip A. Nelson, Jr., First Asst. Dist. Atty., Austin, for appellee.

PER CURIAM.

This is an appeal from a judgment of conviction for aggravated robbery. Tex. Pen.Code Ann. § 29.03(a)(2) (1974). After a jury trial resulting in a verdict of guilty, the jury assessed punishment at incarceration for fifteen years.

By his first ground of error, appellant contends the trial court erred in denying his motion to set aside the indictment for lack of a speedy trial. Tex.Code Cr.P.Ann. art. 32A.02 (Supp.1981); see also id. art. 1.05 (1974). Because the record reflects that some 157 days passed between the date of his arrest on March 16, 1979, and the date of his release under bond on August 21, 1979,[1] he argues that the indictment should have been set aside and the prosecution dismissed.

As is relevant to our disposition of this ground of error, a review of the record reveals the following: appellant was arrested in Travis County on March 16, 1979; he was indicted May 8, 1979; on the same date the cause was transferred from the 147th District Court to the 167th District Court and set for designation of attorney on May 17, 1979; on May 15, 1979, the cause was transferred to the 126th District Court, apparently because there was a motion to revoke appellant's probation pending in that court in another case (No. 55,579); on the same day, the cause was set for trial on May 30, 1979; on May 30, an agreed motion for continuance was granted, and the cause was reset for June 12, 1979, for disposition upon a plea of guilty; on June 12, the cause was continued until August 7, 1979; on August 7, the cause was reset for a jury trial August 21, 1979; appellant filed his motion to dismiss for lack of a speedy trial on August 10, 1979; on August 21, the cause was reset for the next day, apparently to place it behind another case going to trial; on the same date, the trial court denied the pending motion to revoke,[2] and ordered the release of appellant on bond; on August 22, the cause was continued until September 11, 1979, when appellant failed to appear for trial.

The record does not reflect that the State announced its readiness for trial within the time period prior to August 21, 1979.

In this cause, the State was required to be ready for trial within 120 days of appellant's arrest, Tex.Code Cr.P.Ann. art.

---

1. Although appellant was not tried in this cause until August 11, 1980, he does not attempt to rely on any passage of time after August 21, 1979. This is apparently because, following his release under bond, appellant failed to appear for trial, had his bond forfeited, and removed himself to San Patricio County, where he committed and was convicted of another aggravated robbery, for which he also received a sentence of fifteen years' confinement. The sparse record suggests that appellant was there incarcerated until bench-warranted back to Travis County for trial in this cause.

2. The only explanation in the record for the denial of the motion to revoke appears in the testimony of appellant's counsel:

... The Court did, in fact, deny the Motion to Revoke probation ... because the State was not ready at that time. The Defendant had been continuously in jail. In addition to denying the State's motion, the Court granted a personal bond, at which time the Court also made comments about the Defendant being in court, being ready, being in jail, and the State's witnesses not appearing. ...

The State later sought to revoke appellant's probation in No. 55,579, relying on several allegations of his misconduct in San Patricio County (including aggravated robbery, burglary of a habitation, and aggravated kidnapping), as well as his failure to report to his probation officer, pay court costs, or work at suitable employment. Appellant entered a plea of true in this subsequent proceeding, and his probation was revoked. The order revoking his probation and sentencing him to ten years' confinement was appealed to this Court (No. 3–81–023–CR) and affirmed, per curiam, on March 24, 1982.

32A.02, § 1 (Supp.1981), *unless* one or more of the exclusions from computation of time specified in the act applied. *Id.*, § 4. If the State had announced ready within the statutory period, the burden would have been on the appellant to refute the State's claim of readiness. *Pate v. State*, 592 S.W.2d 620, 621 (Tex.Cr.App.1980); *Fraire v. State*, 588 S.W.2d 789, 791 (Tex.Cr.App. 1979). But as the State did not announce its readiness within the statutory period, *it* had the burden of proof with regard to the applicability of any exclusions. *Pate v. State, supra.*

■ From our review of the record, it is initially apparent that the thirteen-day delay occurring between May 30 and June 12, 1979, as the result of an *agreed* motion to continue, should be excluded from the computation of time under art. 32A.02, § 4(3), *infra.* Additionally, because the purpose of art. 32A.02 is to penalize prosecutorial delay rather than delay from the judicial process itself, *Barfield v. State*, 586 S.W.2d 538, 541 (Tex.Cr.App.1979), the one-day delay (from August 21 to August 22, 1979) caused by placing this case behind another case going to trial should be excluded from the computation of time.

After the exclusion of these fourteen days from the 157-day period challenged, however, there remain 143 days. The question is therefore presented whether the State met its burden of showing the applicability of statutory exclusions which would account for twenty-three or more days also to be excluded from computation.

The only evidence presented by the State was the testimony of the prosecuting attorney. She testified that based upon discussions between herself and defense counsel, it was agreed that a hearing on the motion to revoke would precede the trial on the offense alleged in this cause. Referring to the docket sheet of the prior cause in which the motion to revoke was filed, she testified that an amended motion to revoke was filed on April 11, 1979; appellant requested ten-days' preparation time; and the hearing was reset for May 1, 1979. Later, the hearing was continued from May 15 to May 30,

1979, upon an agreed motion to reset when one of the State's witnesses did not appear. On the date the court denied the motion to revoke and released appellant on bond, the State's attorney was engaged in a capital-murder trial in another court.

■ Obvious from this testimony is the State's reliance upon the following exclusionary subsections of art. 32A.02, § 4:

(1) a reasonable period of delay resulting from other proceedings involving the defendant, including but not limited to proceedings for the determination of competence to stand trial, hearing on pretrial motion, appeals, and trials of other charges;

\* \* \* \* \* \*

(3) a period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel . . . .

Implicit in the State's reliance upon these exclusionary subsections is the belief that a motion to revoke probation in another cause, based upon the commission of the offense alleged in this cause, is another proceeding involving the defendant within the meaning of subsection (1); and, additionally, involves the concept that these exclusionary subsections may operate in tandem: that is, although the other proceeding is not successfully prosecuted to conclusion, at least the delays in time occasioned by the requests of appellant or with his consent, under subsection (3), should be excluded from the computation of time in this cause.

We agree. To hold otherwise, under the circumstances of this case, would allow the appellant to seek, or to consent to, delay in another proceeding; obtain relief based upon delay in the other proceeding; and then count passage of time occasioned by his own acts toward the 120-day limitation made applicable by art. 32A.02 to this cause. We are not prepared to so hold.

Inasmuch as the State's proof reflects that some thirty-four days' delay in the revocation proceeding was caused by a request for preparation time by appellant (April 11 to May 1, 1979), or consented to by

appellant (May 15 to May 30, 1979), we are of the opinion that this time cannot be attributed to prosecutorial delay and must also be excluded from the time period challenged by appellant in this cause. We accordingly hold that the State met its burden, and that the trial court did not err in overruling appellant's motion to set aside the indictment.

The ground of error is overruled.

 By his last two grounds of error, appellant complains of the indictment, which is phrased in the conjunctive, and of the charge to the jury, which is phrased in the disjunctive. In relevant part, the indictment alleges that appellant,

> did then and there, while in the course of committing theft and with intent to obtain *and* maintain control of property of BILL FLEMING, to-wit: a motor vehicle, without the effective consent of the said BILL FLEMING, and with intent to deprive the said BILL FLEMING of said property, did then and there by using *and* exhibiting a deadly weapon, to-wit: a handgun, intentionally *and* knowingly threaten and place BILL FLEMING in fear of imminent bodily injury *and* death, against the peace and dignity of the State. (*emphasis added*)

The charge to the jury, in contrast, states:

> then and there, while in the course of committing theft and with the intent to obtain *or* maintain control of property of BILL FLEMING, to-wit: a motor vehicle, without the effective consent of the said BILL FLEMING, and with the intent to deprive the said BILL FLEMING of said property, did then and there by using *or* exhibiting a deadly weapon, to-wit: a handgun, intentionally *or* knowingly threaten and place BILL FLEMING in fear of imminent bodily injury *or* death.... (*emphasis added*)

It is well-settled, however, that such a system of pleading in the conjunctive and charging the jury in the disjunctive is not error. *See Robinson v. State*, 596 S.W.2d 130, 133–34 (Tex.Cr.App.1980); *Cowan v. State*, 562 S.W.2d 236, 240 (Tex.Cr.App. 1978).

The grounds of error are overruled, and the judgment of the trial court is affirmed.

Affirmed.