**46**

Charles W. BUFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–81–052–CR.

Court of Appeals of Texas,
Texarkana.

Oct. 12, 1982.

Discretionary Review Granted
Feb. 2, 1983.

K. Dan Woodson, Florence, Florence & Woodson, Hughes Springs, for appellant.

Charles M. Cobb, Dist. Atty., O.G. Stanley, County Atty., Daingerfield, for appellee.

CORNELIUS, Chief Justice.

Appellant Charles Buford appeals from a jury conviction of attempted murder and a sentence of fifteen years imprisonment. He complains that he was denied a speedy trial as required by Tex.Code Crim.Pro.Ann.

art. 32A.02 (Vernon Supp.1982), and therefore his motion to dismiss the indictment should have been granted.

The charge arose out of a shooting incident which occurred May 5, 1979. Appellant was arrested the same day for that offense and was released on bail May 23, 1979. Subsequently, his probation for another offense was revoked due to the May 5, 1979 incident, and as a result of the revocation he was reincarcerated in the Texas Department of Corrections. The indictment for this offense was returned on October 26, 1979.

The Speedy Trial Act provides that in felony cases the court shall grant a motion to set aside the indictment if the State is not ready for trial within one hundred twenty days of the commencement of the action. The Act also provides that:

"Sec. 2(a)  Except as provided in Subsections (b) and (c) of this section, a criminal action commences for purposes of this article when an indictment, information, or complaint against the defendant is filed in court, unless prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested."

As appellant was detained in custody on May 5, 1979, and released on bond on May 23, 1979 for this offense, the action, for purposes of the Speedy Trial Act, commenced at his arrest on May 5, 1979. His subsequent incarceration to serve a sentence imposed in another charge did not change that fact, although on proper showing it may have had the effect of tolling the time period for a reasonable time. Tex. Code Crim.Pro.Ann. § 32A.02, § 4(1) and (10) (Vernon Supp.1982).

In response to appellant's motion for speedy trial, the State answered that it was ready and had been ready since a few days after appellant's arrest for this offense. A hearing was held and testimony produced for both the State and the defense. The defense contended that as appellant was

not even indicted until October 26, 1979, the State could not have been ready prior to that time. The State countered with evidence that a Grand Jury was available in Morris County only twice a year, once in the spring and once in the fall, and that the spring session of the Grand Jury had already been recessed at the time appellant's offense was committed. It was shown however, that the State considered asking the court to call the grand jurors back during the spring term but did not do so because the District Attorney and his investigator were unavailable, and they chose not to request the Morris County attorney to present appellant's case to the Grand Jury. Appellant contends the State could have procured an indictment within one hundred and twenty days if it had used diligence.

The purpose of the Speedy Trial Act is to guard against prosecutorial delay, not against delays inherent in or resulting from the judicial process itself. *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979). It has been stated that the State is not required to seek a special setting of the case in order to comply with the Act. *Barfield v. State,* supra; *Martinez v. State,* 632 S.W.2d 783 (Tex.App.—Houston [14th Dist.] 1982, no pet.). The Grand Jury, like trial settings, is under the supervision and control of the court, not the District Attorney's office. While the District Attorney can certainly request the court to recall a recessed Grand Jury, and the request will probably be granted in most cases, we do not consider that the Speedy Trial Act requires a dismissal because the prosecutor failed to do so in the situation presented here. See *Ostoja v. State,* 631 S.W.2d 165 (Tex.Cr. App.1982); *Martinez v. State,* supra; *De La Rosa v. State,* 627 S.W.2d 207 (Tex.App.— San Antonio 1981, no pet.). In these circumstances the State's prima facie showing of ready was not rebutted by the defense and the motion to dismiss was properly overruled.

The judgment of the trial court is affirmed.