**Charles William BUFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1010–82.**

Court of Criminal Appeals of Texas, En Banc.

June 8, 1983.

Danny Woodson, on appeal only, Hughes Springs, for appellant.

Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted of the offense of attempted murder and punishment was assessed at fifteen years confinement in the Department of Corrections. The Sixth Court of Appeals in Texarkana affirmed appellant's conviction. Appellant in his petition for discretionary review argues that the Texarkana Court of Appeals affirmance, based on its interpretation of the Speedy Trial Act, Art. 32A.02, V.A.C.C.P., was error.

The salient facts relating to appellant's contention and found in the trial record are:

Appellant was arrested for attempted murder on May 5, 1979. On May 23, 1979, appellant was released from detention on bail. As a result of the May 5, 1979, incident, a parole violation warrant was issued, and he was reincarcerated in the Department of Corrections from July 24, 1979, until January 18, 1980. An indictment for the May 5, 1979, attempted murder, was not returned until October 26, 1979. On August 28, 1979, the appellant filed a pro se motion for speedy trial.[1]

In response to appellant's motion the state answered that it was ready for trial and had been ready since shortly after the arrest was made. The state's rationale for not obtaining an indictment before October 26, 1979, was articulated by the Court of Appeals as follows:

"The State countered with evidence that a Grand Jury was available in Morris County only twice a year, once in the spring and once in the fall, and that the spring session of the Grand Jury had already been recessed at the time appellant's offense was committed. It was shown however, that the State considered asking the court to call the grand jurors back during the spring term but did not do so because the District Attorney and his investigator were unavailable, and they chose not to request the Morris County attorney to present appellant's case to the Grand Jury."

This Court addressed a similar situation in *Pate v. State*, 592 S.W.2d 620 (Tex.Cr. App.1980). In *Pate*, Presiding Judge Onion, writing for the Court concluded that where no indictment or felony information had been filed, and where the state had failed to demonstrate why it was within one of the Acts exceptions, the appellant is entitled to relief under the provisions of Art. 32A.02, supra.

By our computations, more than 120 days elapsed for Speedy Trial purposes, even excluding the period between incarceration for the alleged parole violation of July 24, 1979, and appellant's return to Morris County on January 18, 1980, from the Department of Corrections.

---

1. We note that a formal motion to dismiss was timely filed by counsel on April 7, 1980. This motion was expressly denied, and a trial was had. In May, 1980, a new trial was granted. On October 30, 1980, a second motion for dismissal was filed. The state made various stipulations regarding Speedy Trial dead lines, and the second motion was overruled sub-silentio.

In the instant situation 144 days passed between arrest and indictment. The state failed to demonstrate why it was not ready within any of the exceptions to the Speedy Trial Act. Therefore, the Trial Court erred in overruling appellant's motion to dismiss.

The judgment of the Court of Appeals, 642 S.W.2d 46, is reversed; the indictment is ordered dismissed and the appellant discharged under the terms of the Speedy Trial Act.

MILLER, J., dissents.