Johnny Ray JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–82–014–CR.

Court of Appeals of Texas, Texarkana.

Aug. 30, 1983.

Joe Weis, Pemberton & Green, Greenville, for appellant.

F. Duncan Thomas, Dist. Atty., Greenville, for appellee.

HUTCHINSON, Justice.

This is an appeal from a jury waived conviction for an offense of burglary of a building with the punishment being assessed at five (5) years of imprisonment.

Appellant was arrested on the night of August 7, 1980, the date of the alleged burglary. He was released from custody on bond on August 9, 1980. The indictment for the offense of burglary was returned on November 12, 1980, and arraignment was set by the court for November 25, 1980. On November 25, 1980, the case was set by the court to be recalled on December 1, 1980. On that date, appellant was arraigned and the trial court set the case for December 15, 1980. At that time both the State and the appellant announced ready for trial and the court reset it for January 19, 1981.

On January 9, 1981, appellant filed a motion to have the indictment set aside and discharged for the failure to provide a speedy trial. A hearing on this motion was held on January 19, 1981. The only evidence presented was the testimony of the District Clerk concerning the entries made on the docket sheet as set forth above. The State did not then present evidence that it was ready for trial and was ready for trial within the 120 day period prescribed by

Article 32A.02 § 2(a) of the Tex.Code Crim. Proc.Ann. (Vernon Supp.1982–1983).

Appellant, by this appeal, contends that the trial court erred in overruling his motion to set aside the indictment since the State failed to comply with Article 32A.02 of the "Speedy Trial Act."

■ The "Speedy Trial Act" requires the prosecution to be ready for trial within the time limits prescribed by the Act. Under the facts of this case, the State had 120 days in which to be ready and at no time within that period did the State announce ready nor was any evidence produced that the State was ready within the 120 day period. If the State had stated that it was ready within the statutory period, the burden would have been on the applicant to refute the State's claim of readiness. But as the State did not announce its readiness within the statutory period, it had the burden of proof with regard to the applicability of any exclusion. In this case when the appellant filed his motion on January 9, 1981, after the expiration of more than 120 days, there was no counter by the State, by written instrument or otherwise, that it was ready and had been ready within the statutory time limit.

The leading case on the Speedy Trial Act is *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979), where the Court of Criminal Appeals set out a two-fold requirement that the State must meet in order to establish a prima facie case of readiness within the meaning of the Act by stating: "Once the defendant files his motion to dismiss for failure to adhere to the provisions of the Act, the State must declare its readiness for trial, *then and at the times required by the Act.* This declaration is a *prima facie* showing of conformity to the Act, but *can be rebutted . . .*". *Barfield,* supra, at page 542 (emphasis added).

■ Appellant's rights under the Speedy Trial Act were not automatic and were not raised until he filed a timely motion to dismiss the indictment for failure of the prosecution to comply with the requirements of the Act. Once this move was made, the burden was on the State to show that it had complied. *Scott v. State,* 634 S.W.2d 853 (Tex.Cr.App.1982). The State could meet its burden in one of two ways, depending upon the facts. First, if the State could have shown that it had announced ready prior to the running of the time limit, the burden would have been on the applicant to refute the State's claim of readiness. *Madrigal v. State,* 634 S.W.2d 782 (Tex.App.—Austin 1982, no pet.). Second, if the State has not openly announced its readiness prior to the running of the time limit the State must, after the filing of the defendant's motion, declare its readiness for trial then and at all previous time required by the Act. *Pate v. State,* 592 S.W.2d 620 (Tex.Cr.App.1980); *Williams v. State,* 634 S.W.2d 37 (Tex.App.—Tyler 1982, pet. ref'd). Once the State has shifted its burden in either of the above two ways, the appellant must then come forward with evidence to rebut the State's presumption of preparedness.

■ Under the facts here presented, it is undisputed that the State had not stated that it was ready prior to the running of the time limit. Therefore it was required to state that it was ready and had been ready within the time limit in order to shift the burden. The State did not establish the second element of its proof and the burden never shifted. The State closed without meeting its burden and the appellant was not required to rebut anything.

The judgment is reversed and the indictment ordered to be dismissed and the appellant discharged under the terms of the Speedy Trial Act.