Anita Louise **PACKEN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–81–00378–CR.

Court of Appeals of Texas,
San Antonio.

Sept. 28, 1983.

Richard C. Mosty, Pollard, Pollard & Mosty, Kerrville, for appellant.

Ronald L. Sutton, Dist. Atty., Junction, for appellee.

Before CADENA, C.J., and BUTTS and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a conviction for theft. TEX.PENAL CODE ANN. § 31.03 (Vernon 1974). The jury found appellant guilty as charged and the trial court assessed punishment at four (4) years' confinement, but placed her on probation. The terms and conditions of probation included restitution in the amount of $1,439.21 to the J.C. Penney Company and $500.00 to Kerr County for court-appointed attorney's fees.

The central issue advanced by ground of error one concerns alleged trial court error for failure to grant appellant's motion to dismiss based on the Speedy Trial Act. TEX.CODE CRIM.PROC.ANN. art. 32A.02, § 1(1) (Vernon Supp.1982–1983) provides in pertinent part as follows:

Section 1. A court shall grant a motion to set aside an indictment, informa-tion, or complaint if the State is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony; . . .

The following chronology of events is considered with the speedy trial question.

(1) The State verified having worked in the investigation of the case for a period of seven (7) months prior to indictment.

(2) Appellant was first arrested, on the complaint, on February 21, 1980.

(3) The indictment was returned June 12, 1980, 112 days from the day of arrest.

(4) Appellant was arraigned July 9, 1980, at which time both the State and appellant announced ready.

(5) Appellant's motion to dismiss for failure to provide a speedy trial was filed July 9, 1980, on the date of the arraignment.

Appellant contends that *Pate v. State*, 592 S.W.2d 620 (Tex.Cr.App.1980), controls this case. In *Pate*, the Court of Criminal Appeals reversed and ordered dismissed the indictment under the terms of the Speedy Trial Act because the indictment in that case was not returned within the 120 days' time period. This case is distinguishable. In the instant case, appellant was indicted 112 days after her arrest.

Appellant also contends that because the arraignment was not held until 140 days after arrest, the identity of the appellant was not fixed and, therefore, the State was not in a position to announce ready because there was no indictment or felony information upon which the identity of the accused was fixed. The Court of Criminal Appeals has held that "the State is not ready for trial," refers to the preparedness of the prosecution for trial, and does not encompass the trial court and its docket. *Barfield v. State*, 586 S.W.2d 538, 541 (Tex.Cr.App. 1979); TEX.CODE CRIM.PROC.ANN. art. 32A.02, § 1. The day on which the defendant is arraigned is a matter of the trial court and its docket. We are cited no authority, nor does our research show that the State is required to fix the identity of the

defendant by means of an arraignment within the 120 days' time period.

A timely announcement of "ready" is a *prima facie* showing that the State is ready for trial as the statute requires, and such a *prima facie* showing may be made at the hearing on the motion to set aside an indictment *by a declaration that it was ready and had been ready within the statutory time limit.* (Emphasis added). *Lee v. State,* 641 S.W.2d 533, 535 (Tex.Cr. App.1982); *Barfield v. State,* 586 S.W.2d 538, 542 (Tex.Cr.App.1979). Once the State establishes a *prima facie* showing of ready, the burden shifts to the defense to rebut the State's announcement of ready. *Scott v. State,* 634 S.W.2d 853, 855 (Tex.Cr.App. 1982); *Callaway v. State,* 594 S.W.2d 440, 445 (Tex.Cr.App.1980). In the case at bar, the prosecuting attorney testified at the hearing on the motion to dismiss that the State had been ready to try the case when the indictment was returned. The requirements of the Speedy Trial Act were fulfilled. Appellant has not effectively rebutted the State's announcement of ready. Ground of error number one is overruled.

Ground of error number two concerns a contention that the trial court abused its discretion in requiring appellant to make restitution to Kerr County for court-appointed attorney's fees. Terms and conditions of probation may include "all court costs." TEX.CODE CRIM.PROC. ANN. art. 42.12, § 6(h) (Vernon Supp.1982– 1983). The Special Commentary to art. 42.- 12, written by Presiding Judge John F. Onion, Jr., states that § 6(h) "clearly permits payment of court costs as a condition of probation, including cost of appointed counsel." TEX.CODE CRIM.PROC.ANN. art. 42.12, Special Commentary (Vernon 1979). Ground of error number two is overruled.

The judgment of the trial court is affirmed.