Lewis CASTILLO, Appellant,

v.

STATE of Texas, Appellee.

No. 13–83–120–CR.

Court of Appeals of Texas, Corpus Christi.

Dec. 29, 1983.

Eugenio A. Soliz, Jr., Premont, for appellant.

George J. Filley, III, Dist. Atty., Victoria, for appellee.

Before NYE, C.J. and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

Appellant was convicted by the trial court of the offense of escape. The indictment alleged that the appellant knowingly threatened to use a deadly weapon to effect his escape. The trial court found the enhancement allegation which was in the second paragraph of the indictment to be true and assessed punishment in the Texas Department of Corrections for life. Appellant's sole ground of error on appeal is that the trial court erred in denying appellant's motion to set aside the indictment for failure to comply with the Speedy Trial Act under TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1982–1983).

On March 12, 1980, appellant was on trial in Victoria County for aggravated robbery. During a trial break, appellant allegedly displayed a spoon which had been fashioned into a projectile to Stephen Shaw, the deputy who was responsible for guarding him. Appellant told Shaw not to move or he would stab him in the face with it. Appellant then escaped down the stairs of the courthouse and onto the street. He was captured very soon after the escape. Appellant was found guilty by a jury of aggravated robbery and presumably began to serve his sentence, although the record does not affirmatively reflect this. Appellant was not indicted for the escape offense until March 3, 1983.

Appellant claims that when he was apprehended on March 12, 1980, after his escape, the provisions of the Speedy Trial Act became effective. The state argued at the hearing that when appellant was apprehended after the escape, it constituted an apprehension for purposes of bringing him into custody to be tried on the aggravated robbery charge rather than an arrest on the escape charge. The state did not brief the case. Deputy Shaw testified that he did not formally arrest the appellant at the time he apprehended appellant after the escape. Raymond Resendez, an investigator for the sheriff's department, testified that appellant had made a voluntary statement to him regarding the escape and had been given the *Miranda* warnings at this time. There was still no formal arrest report made, but statements received by Resendez from the appellant were given to the District Attorney's office at that time.

On March 3, 1983, more than two years after the alleged offense, appellant was indicted on the escape charge. On April 4, 1983, the state announced ready for trial. Appellant filed his motion to dismiss the indictment on April 4, 1983 for failure to comply with the Speedy Trial Act. During the hearing on the Motion to Dismiss, the trial court mentioned that appellant's aggravated robbery case for which he had been found guilty had been reversed and remanded for error in the charge. There is no evidence in the record of the date the case was reversed.

It is clear to us that the appellant was not formally charged with the crime of escape until almost three years after the event took place. However, after he was

indicted, he was brought to trial in less than 120 days as required for felony charges under TEX.CODE CRIM.PROC.ANN. 32A.02 (Vernon Supp.1982–1983). There is nothing in the record to indicate that the appellant was ever incarcerated on the escape charge.

 The Speedy Trial Act, art. 32A.02, in pertinent part, reads:

"Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony;

Sec. 2. (a) Except as provided in Subsections (b) and (c) of this section, a criminal action commences for purposes of this article when an indictment, information, or complaint against the defendant is filed in court, unless prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested.

(b) If a defendant is to be retried following a mistrial, an order granting a new trial, or an appeal or collateral attack, a criminal action commences for purposes of this article on the date of the mistrial, the order granting a new trial, or the remand.

(c) If an indictment, information, or complaint is dismissed on motion of the defendant, a criminal action commences for the purposes of the article when a new indictment, information, or complaint against the defendant is filed in court, unless the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is detained or released."

TEX.CODE CRIM.PROC.ANN. art. 32A.02 provides that a criminal action begins when an indictment, information or complaint is filed in court, the defendant is held in custody to answer for the same offense or any other offense arising out of the same transaction. The right to a speedy trial does not arise until after prosecution is instituted against the accused. A delay occurring between the commission of the offense and commencement of the prosecution is controlled by the applicable statute of limitations. *Koah v. State,* 604 S.W.2d 156 (Tex. Cr.App.1980). The appellant was indicted on March 3, 1983, for an offense which allegedly occurred on March 12, 1980. The appellant was indicted within the time period prescribed by the Statute of Limitations. Tex.Code Crim.Proc.Ann. art. 12.01 (Vernon 1977). The state proved through witnesses Shaw and Resendez that appellant was not formally charged with the offense of escape at the time the offense took place. Resendez testified that all of the preliminary investigative work was completed by the sheriff's department and turned over the district attorney's office. The record does not reflect that appellant was ever detained in custody on account of the escape charges, nor does appellant bring forward any evidence to show how he was harmed by this delay.

 Generally, the state's announcement of ready is a prima facie showing that the statute was complied with. *Phipps v. State,* 630 S.W.2d 942 (Tex.Cr.App.1982). The appellant may rebut the state's declaration with evidence demonstrating that the state was not ready for trial, thus requiring the state to prove there were excludable periods of delay that extend the initial limitation. *See Pate v. State,* 592 S.W.2d 620 (Tex.Cr.App.1980); *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979).

 The appellant introduced evidence by way of testimony of the two officers. They both testified that the escape took place in 1980, but that the appellant was not arrested on the date of his escape on that charge. The state formally indicted him on March 3, 1983 on the escape charge, and announced ready for trial on April 4, 1983. The appellant did not counter with any evidence to show that the "criminal

**163**

action" commenced against the appellant at any other date. Nor did appellant introduce evidence that appellant had ever been in custody to answer for the same offense or any offense arising out of the same transaction.

While it may be clear that the state was dilatory in bringing the escape indictment against appellant, the indictment was brought within the applicable statute of limitations time period. Appellant has brought forward no evidence to show the trial court that his detention at any point was for the charges for which he was later indicted.

Appellant's ground of error is overruled. The judgment of the trial court is affirmed.