**Ex Parte Jodie A.D. HILLIARD, III.**

**No. 68963.**

Court of Criminal Appeals of Texas, En Banc.

March 6, 1985.

Rehearing Denied April 17, 1985.

James Clark, Snyder, for appellant.

Russell Carroll, Asst. Dist. Atty., Sweetwater, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

This is an application for a post conviction writ of habeas corpus. See Art. 11.07, V.A.C.C.P. Applicant pled guilty to burglary with the understanding that he could appeal the denial of his pre-trial motion to dismiss, which alleged a violation of the Speedy Trial Act, Art. 32A.02, V.A.C.C.P. His conviction in Cause No. 63,808 was affirmed in an unpublished per curiam opinion delivered June 25, 1980. 600 S.W.2d 341. The panel opinion held that his guilty plea waived his right to appeal his speedy trial claim.

In *Martin v. State*, 652 S.W.2d 777 (Tex.Cr.App.1983) we held that such rights claimed by an accused under the Texas Speedy Trial Act are not lost by a subsequent guilty plea. Accordingly, we deny applicant's request for relief in the form of a plea withdrawal, but we grant his underlying request for appellate review of his speedy trial contention. We will treat the merits of his speedy trial claim on the basis of the record in his original appeal, our Cause No. 63,808.

Applicant was arrested on August 13, 1978, for the offense of burglary. He was indicted for that burglary on September 11, 1978. Subsequently, on October 13, applicant was notified that a hearing would be held concerning a violation of his parole, based in part on the aforementioned burglary.

Applicant waived his right to an on-site hearing concerning his parole violation, admitted the parole violation, and was sent to the Texas Department of Corrections in Huntsville for a hearing on the violation.[1]

1. Davis Linn, the parole supervisor for the Abilene District, testified that when the Board of Pardons and Parole issues a warrant for a parole violator, the parolee is served with notice of

The hearing was scheduled for November 1, 1978, but, for reasons not shown in the record, was not held until December 13.

■ At the hearing on his motion to dismiss, applicant argued that because the State announced ready for the first time on January 8, 1979, 149 days after his arrest for the burglary, the burglary case should be dismissed pursuant to Art. 32A.02, V.A. C.C.P.[2] The trial court denied the motion, ruling that 59 days should be excluded from the calculations, thus bringing the State into compliance with the statutory limits. The court ruled that the excluded days were from October 24, the date that applicant was sent to Huntsville, to December 21, the date his motion to dismiss was received.[3]

■ The State's announcement of ready *within* the statutory time period establishes a prima facie case of compliance with the Texas Speedy Trial Act. The burden is then on the defendant to show that the State was not ready within the time limit. *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979). If the State announces ready at a time *not within* the applicable limits and does not say that it was ready within the statutory time limit, then the burden is on the State to prove that certain times are excludable under Section 4 of the Act, so as to bring the State within the time limit. *Pate v. State,* 592 S.W.2d 620 (Tex.Cr.App.1980).

■ The latter rule applies in the instant case. Applicant was arrested August 13, 1978, and the State announced ready January 8, 1979, 149 days after the commencement of the action. The State did not say they had been ready before January 8. Thus, the State had the burden to prove

the parole violation. He has the right to two hearings, an on-site hearing at the place of arrest, and another hearing at the Diagnostic Unit of the Texas Department of Corrections. The parolee can waive one or both hearings. In order to waive the on-site hearing, he must admit to one or more rule violations.

2. Art. 32A.02, Sec. 1: "A court shall grant a motion to set aside an indictment, information,

that certain time could be excluded. *Pate,* supra.

The State's sole argument is that applicant's waiver of an on-site hearing and subsequent transfer to Huntsville was a voluntary act and relieved them of the requirement to be ready for trial within 120 days of applicant's arrest. We do not agree.

■ The Speedy Trial Act places the onus on the State to be ready for trial. In *Newton v. State,* 641 S.W.2d 530, 531 (Tex. Cr.App.1982) we said:

Because the statute specifically excludes time periods when the defendant is absent under the limited circumstances stated in Sec. 4(4), (5) and (9) quoted above, it is obvious that mere absence of the defendant is a circumstance that, except for those specific statutory exclusions, does not toll the statute and therefore prevents the State from being ready within the meaning of the statute. If the absence of the defendant was intended by the Legislature to have no effect on the readiness of the State, there would be no need for the statutory exclusions of Sec. 4(4), (5) and (9).

Also, if a defendant is absent or causes the delay by attempting to avoid apprehension, the State might well be permitted to exclude certain time under the provisions of the Act. *Hamilton v. State,* 621 S.W.2d 407 (Tex.Cr.App.1981), *Newton,* supra. We do not believe that applicant's actions are of this nature.

We must examine the facts of the case to determine if certain times are excludable under Section 4 of the Act.

Sec. 4 states in pertinent part:

or complaint if the state is not ready for trial within: (1) 120 days of the commencement of a criminal action if the defendant is accused of a felony."

3. The filing of a motion to dismiss does not toll the time limits. Rather, the State's announcement of ready tolls the time under the statute.

In computing the time by which the state must be ready for trial, the following periods shall be excluded:

(1) a reasonable period of delay resulting from other proceedings involving the defendant, including but not limited to proceedings for the determination of competence to stand trial, hearing on pretrial motions, appeals, and trials of other charges;

\*　　\*　　\*　　\*　　\*　　\*

(5) a period of delay resulting from the unavailability of the defendant whose location is known to the state but whose presence cannot be obtained by due diligence or because he resists being returned to the state for trial;

(9) a period of delay resulting from detention of the defendant in another jurisdiction, if the state is aware of the detention and exercises due diligence to obtain his presence for trial; and

(10) any other reasonable period of delay that is justified by exceptional circumstances.

■ Subsections (5) and (9) do not apply because the record contains no evidence that the State exerted any effort or attempted to return applicant from Huntsville to Nolan County for trial, or that applicant resisted return. Similarly, there is no evidence that applicant's confinement in Huntsville was an exceptional circumstance under subsection (10).

■ Subsection (1) presents the most likely argument for the exclusion of time in the instant case. The State is permitted to exclude "a *reasonable* period of delay resulting from ... trials of other charges." (emphasis added). Subsection (1) permits exclusion of time for proceedings which must be carried out before a defendant can be tried—competency hearings, pre-trial matters, and also excludes time involving other proceedings, obviously because when a defendant is being tried on other charges, he cannot possibly be in two places at one time. Necessarily then, this section contemplates two things: reasonable delay and other proceedings which *cause* the delay in the trial of the case at issue. See *Taylor v. State*, 666 S.W.2d 157 (Tex.App. —Houston (14th Dist.), 1984).

■ In the instant case the State did not present any evidence to show why a one day hearing regarding a parole violation prevented them from bringing the applicant back for trial within 120 days of his arrest. Applicant was arrested on August 13, and remained in Nolan County jail until October 24. The State made no attempt to be ready for trial during that time, and this time was not excluded. Applicant was then confined in Huntsville from October 24, 1978 until the day of trial January 8, 1979. The record does not show that the State made any attempt to bring applicant back to Nolan County until January 8. The crux of the issue is that there is no evidence that the parole violation hearing prevented the State from trying applicant on the burglary case and no reasons presented to show that the time spent in Huntsville was a period of reasonable delay.

It is the State's burden to show why all or certain portions of the time that applicant was confined in Huntsville is excludable—that the delay from the other proceeding is reasonable and causes the delay in trying applicant in the burglary case. See *Golden v. State*, 672 S.W.2d 895 (Tex.App. —Houston, (1st Dist.) 1984); *Flores v. State*, 647 S.W.2d 363 (Tex.App.—Corpus Christi, 1982). Compare *Parish v. State*, 632 S.W.2d 200 (Tex.App.—Ft. Worth, 1982) in which the defendant was in another jurisdiction pending trial and numerous pre-trial hearings were apparently involved.

In *Madrigal v. State*, 634 S.W.2d 782 (Tex.App.—Austin, 1982) the defendant agreed to proceed with a probation revocation hearing prior to being tried on another offense in the same jurisdiction. The defendant then sought and agreed to several delays in the revocation hearing. The court of appeals held that the defendant could not obtain relief on speedy trial grounds in a case delayed *because of* proceedings in another case, the revocation,

**320**

involving delays requested or agreed to by the defendant.

Subsection (4) does not state that *any* delay due to other proceedings is excludable, it states that a reasonable delay is excludable. Subsection (4) does not mean that the State can simply point to a setting date in another action involving the defendant and conclude that any time that defendant is detained falls within excludable provisions.

In the instant case the only evidence that the State introduced was testimony from a parole supervisor and documents showing that applicant had waived his on-site hearing on October 13, that he was sent to Huntsville on October 24, that a hearing was scheduled for November 1 at the Texas Department of Corrections, that such hearing was held on December 13, and that the State announced ready on January 8, 1979. There is no evidence of any motions, depositions or other reasons that applicant had to remain in Huntsville rather then be transferred to Nolan County for trial. It also appears that the parole hearing, when it was finally held, occurred on one day. The record does not show that the parole hearing caused the delay in bringing applicant to trial. No reason was offered as to why the prosecutor did not or could not have brought applicant back for trial. Nor does it show why the specific time excluded was reasonable. The State has failed to carry its burden under Sec. 4(1) of Art. 32A.02 and show that the delay was reasonable and that the delay from the other proceeding caused the delay in the cause at issue. Applicant is entitled to relief. The judgment of the trial court is vacated and the prosecution is ordered dismissed.

McCORMICK and WHITE, JJ., dissent.