James Frederick HENDERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 86 058 CR.

Court of Appeals of Texas, Beaumont.

Feb. 11, 1987.

Discretionary Review Refused April 29, 1987.

Michael E. Turner, Jackson, Turner & Lefeber, Baytown, for appellant.

Michael R. Little, Dist. Atty., Liberty, for appellee.

## OPINION

BROOKSHIRE, Justice.

Appellant pleaded guilty to the felony offense of aggravated robbery. Appellant was tried on his plea of guilty and punishment was assessed by the jury at 30 years confinement.

The Appellant has one ground of error. Appellant maintains that he was denied a speedy trial in violation of *TEX. CODE CRIM.PROC.ANN. art. 32A.02* (Vernon Pamph.Supp.1987). The State and the Appellant agreed that the cause tried below was a reindictment of a prior indictment. The parties further stipulated that the evidence offered at the hearing on the Appellant's motion to dismiss the prosecution for lack of a speedy trial would be considered and admitted as to both indictments, bearing different numbers, but relating to the same felony offense of aggravated robbery. At that hearing, it was shown that the State had made its announcement of ready on May 17, 1985, and that the State had been ready for trial since that date. The trial court took judicial notice of certain important, crucial facts and dates. These facts and dates related to the district court's trial docket and to certain conditions and physical circumstances surrounding the district courtroom and facilities.

The original indictment, as reflected by the court's file, had not been signed.

Basically, the record before us is set forth in Defendant's Exhibit No. 1 (a Stipulation), which was properly admitted into evidence at the hearing on the motion.

The following is a partial list of the important dates and facts set out in the Stipulation:

"October 19, 1984—date of offense in this case.

"March 6, 1985—incarcerated in Harris County, Texas on unrelated Aggravated Robbery charge, unknown to Liberty County at that point.

"March 25, 1985—Complaint filed on Liberty County case—our action commences.

"March 25, 1985—Attempted hold with Lake Charles, Louisiana police—same date told already made bond in Louisiana.

"April 11, 1985—Liberty Police Department placed hold with Harris County on the defendant.

"May 15, 1985—Indictment in this case handed down.

. . . .

"May 17, 1985—Announcement of ready filed by State in this case.

"May 24, 1985—Liberty County Sheriff's Office placed detainer on Henderson in Harris County, Texas.

"May 25, 1985—Harris County received hold from Liberty County.

"August 23, 1985—D.A.'s Office had contact with Asst. District Attorney in Harris County, Texas, as to possible concurrent disposition of charges. Initial contact between D.A.'s Office in Harris and Liberty County, Texas.

"November 7, 1985—Received letter from defense attorney on Harris County case as to case still pending in Harris County.

"December 20, 1985—Defendant convicted and sentenced in Harris County on Aggravated Robbery charge for which he had been continuously incarcerated since March 6, 1985.

"December 27, 1985—Notification received by Liberty District Attorney's Office that defendant's Harris County case was disposed of.

"December 27, 1985—Bench Warrant signed by Judge Cain.

. . . .

"January 9, 1986—Placed in Liberty County jail from T.D.C.

"January 10, 1986—Defendant appeared in Court and attorney appointed.

"January 14, 1986—State announced ready. . . ."

In addition to the Stipulation, the trial court took judicial notice that, beginning

July 15, 1985, through the first week of October, 1985, the district court was in trial in a capital murder case. Moreover, judicial notice was taken of the fact that, because of and as a result of important construction in the Liberty County Courthouse, no other courtrooms were available to try cases. During the same period of time, visiting judges were not available for assignment into Liberty County to try other cases.

■ The State, of course, had 120 days to attain a state of readiness for trial on a felony. *See Article 32A.02.* Article *32A.02, sec. 4* provides:

"Sec. 4. In computing the time by which the state must be ready for trial, the following periods shall be excluded:

"(1) a reasonable period of delay resulting from other proceedings involving the defendant, including but not limited to proceedings for the determination of competence to stand trial, hearing on pretrial motions, appeals, and trials of other charges;

. . . .

"(4) a period of delay resulting from the absence of the defendant because his location is unknown and:

"(A) he is attempting to avoid apprehension or prosecution; or

"(B) the state has been unable to determine his location by due diligence;

. . . .

(9) a period of delay resulting from detention of the defendant in another jurisdiction, if the state is aware of the detention and exercises due diligence to obtain his presence for trial; and

(10) any other reasonable period of delay that is justified by exceptional circumstances."

Previously, it would have been a valid position for the State to argue that the duration of time from March 25, 1985, to and including April 11, 1985, would be properly excluded pursuant to *art. 32A.02, sec. 4(4)(B)*. We conclude that the complaint of March 25, 1985, was not a charging document that effectively gave the district court jurisdiction over the case. *See Rios v. State,* 718 S.W.2d 730 (Tex.Crim.App.

1986). We decide that this criminal action actually commenced on May 15, 1985, when an indictment was handed down in Liberty County against Appellant who was then incarcerated in Harris County. Constructive custody of the Appellant then arose.

■ Nextly, we conclude that the duration of time, beginning July 15, 1985, through the first week of October, 1985, is properly excluded under *sec. 4(10)*. There was actually a trial of a highly publicized capital murder case in which the victim was an active Roman Catholic priest. The notoriety of this trial was wide-spread. There was simply no other available courtroom in the Liberty County Courthouse other than the one where the case, involving the deceased Catholic priest, was being tried. As it so happened, other areas in the courthouse were under construction to erect additional courtrooms and facilities. We think the actual, physical circumstances surrounding the widely publicized case of the taking of the life of the Catholic priest, plus the unusual construction, were exceptional circumstances under *sec. 4(10)*. We conclude, therefore, that those 80 days should properly be excluded and not charged against the State.

■ We further conclude that the time from May 15, 1985, to July 15, 1985, and on through the first week of October, 1985, and onward to December 20, 1985, should be excluded and not charged against the State because the Appellant was in another jurisdiction and could not be brought to trial in Liberty County. The other jurisdiction had a serious felony charged against the Appellant and would not yield him up. On December 27, 1985, Harris County notified the District Attorney at Liberty that Henderson's case had been disposed of. We note that on the same date, December 27, 1985, a bench warrant was signed by Judge Clarence Cain, a district judge of Liberty County. The Appellant actually stipulated that on January 14, 1986, the State announced ready. Hence, 14 days in January of 1986, plus 4 days in December of 1985, making a total of 18 or 19 days only had transpired. Indeed, the Appellant

was arraigned, as shown by the agreement and stipulation, on January 30, 1986.

We determine that it is correct to conclude that the Appellant was incarcerated and actually awaiting trial and being tried in Harris County between the dates of April 11, 1985, and December 27, 1985. This time should be excluded under *sec. 4(1)* as well as *sec. 4(9)*. During that entire period of time, we decide that Liberty County exercised due diligence to obtain his presence for trial. *See Ex Parte Hilliard*, 687 S.W.2d 316 (Tex.Crim.App.1985). We overrule the Appellant's sole ground of error and affirm the judgment and sentence below.

AFFIRMED.