**Barr McCLELLAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 195–86.**

Court of Criminal Appeals of Texas,
En Banc.

June 3, 1987.

Certiorari Denied Feb. 22, 1988.
See 108 S.Ct. 1048.

Barr McClellan, Houston, pro se.

Ronald Earle, Dist. Atty., and David Reynolds, Asst. Dist. Atty., Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

The sole issue upon which this Court granted appellant's petition for discretionary review is one concerning speedy trial under Art. 32A.02, V.A.C.C.P. The Austin Court of Appeals upheld the trial court's denial of appellant's motion to dismiss under Art. 32A.02, holding, inter alia, that time spent in negotiations regarding a related civil lawsuit and the possibility of resolving the matters "informally" was excludable as an "exceptional circumstance" under Art. 32A.02, sec. 4(10). *McClellan v. State*, 701 S.W.2d 671 (Tex.App.—Austin 1985). We granted review to examine this holding.

Art. 32A.02, states, in pertinent part:

Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony;

\* \* \* \* \* \*

Section 4. In computing the time by which the state must be ready for trial, the following periods shall be excluded:

\* \* \* \* \* \*

(10) any other reasonable period of delay that is justified by exceptional circumstances.

The Court of Appeals found that the State announced ready beyond the 120 days, specifically on the 121st day of the Act's time period. Therefore, the Court held that the State had to exclude time under the Act's provisions in order to comply with the time limits. The Court of Appeals found that evidence adduced at the hearing on appellant's motion to dismiss showed that some delay in indicting appellant was "attributable to the appellant" and "was caused by defendant's own conduct in trying to resolve the matters informally." The Court of Appeals held this to be an "exceptional circumstance" under Sec. 4(10).

The following exchange occurred between appellant's counsel and the prosecutor at the hearing on the motion to dismiss:

Q. [Prosecutor] Okay, do you recall having any discussions back during that time regarding wanting—or your request for some time before any formal action was taken in this case in order to work out matters informally?

A. [Defense Counsel] Well, I think maybe I did say something like that.

Q. Okay, and that was prior to the time of indictment, was it not, as best you can recall?

A. Oh, yeah, yeah. We had some discussion. Mr. Gates and I discussed and Mr. Overstreet—we had some sort of three-way thing going on where we were trying to resolve the matter, but it still hadn't been resolved.

Q. How long did that proceed, the informal discussions to try to resolve it?

A. To tell you the truth, they didn't go on that long, and my recollection is I was kind of surprised that the indictment wasn't returned any sooner than it was, because the thing—at some point in there, if I recall correctly, it sort of fell through, and I don't know if that was two weeks or six weeks or when that was, but I don't think the entire delay between complaint and indictment was attributable to us trying to work it out.

Q. How much of that time would you say, as a reasonable estimate?

A. Half.

Q. Several weeks?

A. As a crude estimate. I would say half of it was.

This testimony is what the Court of Appeals held showed the "exceptional circumstances" so as to exclude some time.

As has been noted repeatedly in cases addressing Speedy Trial Act contentions, the Act addresses itself to prosecutorial delay. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979). The focus is on the preparedness of the prosecution for trial. Some examples of "exceptional circumstances" include delay occasioned by the hospitalization of a key State witness, *Canada v. State*, 660 S.W.2d 528 (Tex.Cr.App. 1983); a defendant's attempt to avoid prosecution by use of an assumed name while confined for an unrelated offense, *Hamilton v. State*, 621 S.W.2d 407 (Tex.Cr.App. 1981). Some examples of situations which have been held not to constitute "exceptional circumstances" are also helpful to compare. In *Lloyd v. State*, 665 S.W.2d 472 (Tex.Cr.App.1984) we held that the failure of the State to analyze drug evidence for a period of time was not an exceptional circumstance justifying delay; nor was the claim that the grand jury already had a full load of cases before it, so as to preclude presentation of the defendant's case, a justifiable delay. Also see *Buford v. State*, 657 S.W.2d 107 (Tex.Cr.App.1983). And, in *Lyles v. State*, 653 S.W.2d 775 (Tex.Cr.App. 1983), delay resulting from a mistake in the processing of a bail bond in a Sheriff's office was not an exceptional circumstance permitting time exclusion, since the prosecutor did not exercise due diligence to check into the matter. These cases reflect that delays within the control of the prosecutor are not "exceptional circumstances" under section 4(10) of the Act.

■ Likewise, in the instant case any delay in returning the indictment due to "informally" trying to resolve a civil and criminal case together, is within a prosecutor's control. The prosecutor is or should be well aware of the limitations imposed by the Speedy Trial Act and act within those limits. The prosecutor obviously may use discretion in deciding whether a case might

be disposed of in a manner precluding indictment or trial. However, that discretion in whether or when to indict a person must be exercised within the parameters of the Speedy Trial Act. Similar to *Lloyd,* supra, *Buford,* supra, and *Lyles,* supra, the instant case presents a situation which the prosecutor controlled and could have avoided. Such delay due to a related civil matter is not an "exceptional circumstance" as envisioned by section 4(10). The Court of Appeals was in error in excluding any time due to such delay.

■ However, we must note that, as the State pointed out to the Court of Appeals and again in their brief before this Court, the issue of excludable time need never have been reached. Upon review of the record we find that the Court of Appeals erred in finding that the State's announcement of "ready" came after the 120 day limit of Art. 32A.02, sec. 1(1) and that the State thus had the burden to exclude sufficient periods of time to comply with the limits of the Act.

Art. 32A.02, states, in pertinent part:

Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony;

\*    \*    \*    \*    \*    \*

Section 2. (a) Except as provided in Subsections (b) and (c) of this section, a criminal action commences for purposes of this article when an indictment, information, or complaint against the defendant is filed in court, unless prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested.

The rules regarding compliance with the Speedy Trial Act have been well-summarized in many cases. Once the defendant files his motion to dismiss for failure to follow the provisions of the Speedy Trial Act, the state must declare its readiness for trial then and at the times required by the Act. This declaration is a prima facie showing of conformity to the Act. *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App. 1979). The defendant then has the burden to rebut this declaration, if possible, and show that the State was not ready during the necessary time. *Barfield,* supra. If the State announces ready at a time not within the applicable limits and does not say that it was ready within the statutory time limit, then the burden is on the State to prove that certain times are excludable under Section 4 of the Act, so as to bring the State within the time limit. *Ex Parte Hilliard,* 687 S.W.2d 316 (Tex.Cr.App. 1985); *Teamer v. State,* 685 S.W.2d 315 (Tex.Cr.App.1984); *Pate v. State,* 592 S.W. 2d 620 (Tex.Cr.App.1980).

The original complaint in the case was filed on April 15, 1981, and the arrest warrant was issued April 16, 1981. The magistrate's warning was administered to appellant on April 16, 1981, at 9:30 a.m. The personal bond form is dated "4/15/81" on the top part where pertinent personal information is written. However, the personal bond form itself is signed by appellant and the magistrate, but the date has been left blank. From this information we surmise that appellant was arrested on April 16, which is the date the criminal action commenced for purposes of the Speedy Trial Act. Art. 32A.02, sec. 2(a). Cf. *Rios v. State,* 718 S.W.2d 730 (Tex.Cr.App.1986). The indictment was filed August 11, 1981, and the State filed a written announcement of ready on August 14, 1981. However, at the hearing on appellant's motion to dismiss the prosecutor testified that the case "had been ready since the case was returned into court, when this indictment was returned." Further, she stated that the case was ready for trial at all times when the case was called and that the State was ready for trial even prior to the date of indictment except for the fact of the indictment being returned. This testimony shows that the State was ready on August 11, 1981, the date the indictment was actually filed, and that the State had been ready at all times since then.

In the instant case, at the hearing on the motion to dismiss, the State declared its readiness at that time and at all times at least since the filing of the indictment, August 11, 1981. Although the State also filed a written announcement of readiness on August 14, 1981, the testimony at the hearing makes clear that the State was ready prior to the written announcement. The commencement of the criminal action in the instant case was April 16, 1981, the date appellant was arrested. From April 16 to August 11 is 117 days, within the 120 day limit of the Act. Even the State's written announcement of ready, filed on August 14, falls on the 120th day. Because the State's announcement of readiness on August 11, fell within the Act's limit, the State did not have the burden to exclude any time. The Court of Appeals erred in deciding that the State had to exclude time and did so by showing time spent in a related civil lawsuit matter. The exclusion issue was not raised or necessary to their determination. Rather, appellant had the burden to rebut the State's showing of readiness. *Ex Parte Hilliard,* supra.

Since the Court of Appeals also found that appellant did not rebut the State's announcement of ready we need not remand this case in light of the erroneous facts. Therefore, the judgment of the Court of Appeals is affirmed.

ONION, Presiding Judge, concurring in part and dissenting in part on appellants petition for discretionary review.

The majority finds from an examination of the record that appellant was arrested on April 16, 1981, and on that date the "criminal action" commenced for purposes of Article 32A.02, § 2(a), the Speedy Trial Act. It further found that the State filed a written announcement of ready on August 14, 1981, after the indictment was returned on August 11, 1981. The majority concluded that the written announcement of ready was within the 120 days for the State to be ready for the trial of a felony under Article 32A.02, § 1(1), V.A.C.C.P. In fact, August 14 was the 120th day from April 16, 1981.

The majority further observed that at the hearing on the motion to dismiss the indictment the State declared its readiness then and at all times since the filing of the indictment on August 11, 1981. This declaration was supported by testimony at the hearing by the prosecutor. The majority concluded this oral testimony showed that the State had been ready prior to the written announcement and that the 117 days between April 16 and August 11, 1986 were within the 120 limit of the Speedy Trial Act.

This is at odds with the conclusion reached by the Court of Appeals that the arrest occurred on April 15, 1981 and that written announcement of ready was not made until August 14, 1981, 121 days after the "criminal action" had commenced. The Court of Appeals determined that the delay in the return of the indictment for at least one week was attributable to the appellant and caused by his conduct in trying to resolve the matters informally. Finding that this was an exceptional circumstance under Article 32A.02, § 4(10), supra, the court found the State's announcement of ready was timely excluding the time of "at least one week".

The majority, in concluding, stated:

"Because the State's announcement of readiness on August 11, fell within the Act's limit, *the State did not have the burden to exclude any time. The Court* of Appeals *erred in deciding that the State had to exclude time* and did so by showing time spent in a related civil lawsuit matter. *The exclusion issue was not raised or necessary to their determination.* Rather, appellant had the burden to rebut the State's showing of readiness. *Ex parte Hilliard,* supra [687 S.W.2d 316 (Tex.Cr.App.1985) ]." (Emphasis supplied.)

I agree that under the circumstances the State did not have the burden to exclude any time and that the exclusive issue was not raised. Therefore, I dissent to the totally unnecessary discussion of and conclusion that the appellant's conduct in attempting to resolve the matter informally,

etc., was not an "exceptional circumstance." If the exclusion issue was not raised and unnecessary to the determination of the Court of Appeals, why, just why does this Court reach that issue? It may well be that, having accepted the erroneous computation of time by the Court of Appeals, we granted the petition for discretionary review to determine whether the "exceptional circumstance" was a valid one. That, however, is absolutely no reason for an unnecessary discussion of an issue which we now say was never raised even in the Court of Appeals. I dissent to that portion of the opinion.

McCORMICK and WHITE, JJ., join this opinion.