Mike **LLOYD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 63582.

Court of Criminal Appeals of Texas, Panel No. 1.

Jan. 18, 1984.

Rehearing Denied March 28, 1984.

---

**13.** We assume appellant refers to V.A.C.C.P., Art. 37.071.

John C. Fisher, Longview, for appellant.

Odis R. Hill, Dist. Atty., and James R. Moore, Asst. Dist. Atty., Longview, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS and W.C. DAVIS, JJ.

## OPINION

W.C. DAVIS, Judge.

In a trial before the court appellant was found guilty of delivery of marihuana for remuneration, a felony at the time under Art. 4476–15, § 4.05(d). The court assessed punishment at two years' confinement.

Appellant asserts nine grounds of error. The disposition of his speedy trial claim

renders an examination of the other grounds unnecessary.

Appellant contends that the trial court erred in overruling his "Motion to Set Aside Case". Appellant claims that the State was not ready for trial within the prescribed time limits of Art. 32A.02, V.A. C.C.P. and that the court erroneously excluded certain time periods.

Appellant was arrested on November 9, 1978. He was indicted on March 21, 1979, 131 days after arrest. His motion to set aside the case for speedy trial violations was filed and heard on May 2, 1979. The State announced ready for trial on May 2, 1979, 173 days after appellant's arrest. Trial on the merits occurred on the same day.

The applicable portion of Art. 32A.02, § 1 states: "A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within: (1) 120 days of the commencement of a criminal action if the defendant is accused of a felony." The time was not tolled until May 2, 1979, 173 days after commencement of the criminal action, when the State announced ready for the first time. While an announcement of readiness for trial by the State within 120 days is a prima facie showing of compliance with Art. 32A.02, the announcement in the present case came 173 days after arrest and the State did not say that they had been ready at any time prior to that time. Therefore, the State had the burden to show that enough time was excludable under Art. 32A.02 to bring them within the 120 day limit. *Jordan v. State*, 639 S.W.2d 477 (Tex.Cr.App.1982); *Pate v. State*, 592 S.W.2d 620 (Tex.Cr.App.1980).

At the hearing on appellant's motion the assistant district attorney for Gregg County testified that the calling of a grand jury is within the control of the district attorney's office. Cf. Chapter 19, V.A.C.C.P. He also testified that a grand jury in Gregg County was empaneled every other month and meets for about two and one-half days. Grand juries met in December, 1978 and in February, 1979, and the one that indicted appellant met in March, 1979. Testimony revealed that the State had the marihuana seized in the case in its possession from November 7, 1978 until December 11, 1978, when it was submitted to the laboratory for analysis. The laboratory performed the analysis on December 19, 1978 and its report was apparently received or examined by the State sometime during the first week in January, 1979.

The State's explanation for the delay in submitting the marihuana to the laboratory in Tyler, 40 miles away, was that it was most convenient and economical to hold it until more narcotics were accumulated and then take all of them to the laboratory at one time. The assistant district attorney testified that he never presented a drug case to a grand jury without a chemist's report. He also testified that the reason appellant's case was not presented to the February grand jury, even though he then had the report, was that the grand jury already had a full load of cases to hear and the State was having difficulty locating their main witness. He said the grand jury met in February for two days.

The court overruled appellant's motion on the grounds that "the delay resulted under Section 4 of paragraph 6A of Article 32A.02 of the Code of Criminal Procedures (sic), [I] specifically find that the state exercised due diligence to obtain material evidence that the delay was due to its unavailability." Art. 32A.02, § 4, (6)(A) states:

Sec. 4. In computing the time by which the state must be ready for trial, the following periods shall be excluded:

. . . . .

(6) a reasonable period of delay resulting from a continuance granted at the request of the state if the continuance is granted:

. . . .

(A) because of the unavailability of evidence that is material to the state's case, if the state has exercised due diligence to obtain the evidence and there are reasonable grounds to be-

lieve the evidence will be available within a reasonable time; or ...

This section of Art. 32A.02 concerns delays resulting from requested continuances due to unavailable evidence.

■ We doubt that the State's own administrative decision to delay for over a month in submitting evidence to a laboratory constitutes unavailability under § 4, (6)(A). But more to the point and most important we find no evidence anywhere in the record of any request for or grant of any continuance, nor could there have been one, because during the time the evidence was "unavailable" the State had not yet indicted appellant. The court did not even have jurisdiction of the case so there would be no case to continue. We find that the trial court's basing its ruling upon § 4, (6)(A) was erroneous.

■ The only other provision under which the court might properly have excluded time would be § 4, (10), which provides that time can be excluded for "any other reasonable period of delay that is justified by exceptional circumstances." Cases dealing with § 4, (10) have fallen mainly into a category of court delays as opposed to State delays: overcrowded dockets of trial courts are exceptional circumstances, *Ordunez v. Bean*, 579 S.W.2d 911 (Tex.Cr.App.1979); absence of a judge due to the resignation of the permanent judge is an exceptional circumstance, *Ostoja v. State*, 631 S.W.2d 165 (Tex.Cr.App. 1982); material witness unavailable *for trial* due to hospitalization of that witness is an exception, *Canada v. State*, 660 S.W.2d 528 (Tex.Cr.App.1983). Contrast these cases to *Lyles v. State*, 653 S.W.2d 775 (Tex.Cr.App.1983) in which a mistake in the processing of a bail bond was not an exceptional circumstance and the prosecutor could not excuse his lack of due diligence by pointing the finger at the Sheriff or law enforcement agency. Also, in *Buford v. State*, 657 S.W.2d 107 (Tex.Cr.App.1983) this Court held that the State's excuse, that they did not obtain an indictment within the time limits because the grand jury was available only twice a year and the spring

session had already recessed, was not an exceptional circumstance because the district attorney's office chose not to present that particular offense to the grand jury.

The Court focuses on delay within the control of the prosecutor.

In the present case the State put on testimony concerning three areas of possible time exceptions: (1) evidence "unavailability"; (2) the grand jury either not in session or already having a full load of cases; and (3) witness unavailability. The first two areas concern prosecutorial control more than does the third.

The Speedy Trial Act concerns readiness for *trial*. The first area of possible time exception, that of evidence "unavailability", was a circumstance that the State claims accounted for its failure to *indict* appellant earlier. As mentioned previously the State possessed the marihuana from November 7, 1978 until December 11, 1978 when it submitted the evidence to the laboratory. The reasons given for this delay, convenience and economy, cannot be called an exceptional circumstance under § 4, (10).

■ The State had complete control over submission of the evidence. The assistant district attorney said he would not go to a grand jury without a chemist's report, which the State apparently received or examined during the first week of January, 1979. We note that there is no requirement that the State present a chemist's report to the grand jury in order to prove probable cause for an indictment. The testimony of a police officer or a witness, even the drug itself would suffice. The grand jury determines probable cause not guilt beyond a reasonable doubt. We do not believe that holding suspected drugs for more than a month before submitting them for analysis, and then relying upon the absence of the chemists' report to argue "unavailability", is entirely ingenuous. This delay does not constitute an exceptional circumstance under § 4, (10).

■ We turn now to the second circumstance, that the grand jury was not in session and when the February one was in

session it already had a full load of cases. *Buford,* supra, is dispositive of this claim. The State, which chooses which cases to present to the grand jury, had their chemist's report by the time the February grand jury met, but claims that a full load of cases and witness unavailability prevented presentation of appellant's case. Under the authority of *Buford* we do not think the full load claim constitutes an exceptional circumstance. The February grand jury met for only two days and the State chose the particular cases for presentation. This type of prosecutorial delay is exactly what the Speedy Trial act anticipates and protects against.

The witness unavailability claim brings us to the last area of exceptions for time exclusion. Once again we note that a grand jury determines probable cause; the appearance of the complaining witness before the grand jury is not by any means always necessary. The State mailed a subpoena to their witness on February 7, 1979. The subpoena was returned undelivered because the witness had moved. There is an unexplained file stamp dated February 9, 1979 on the envelope, but the State's testimony was that when the witness did not show up for the February 14–15 grand jury the investigators were called.[1]

The investigator testified that sometime between February 10 and 15th he was asked to locate the witness. He found out the same day he was given the case that the witness had moved to Dallas. About 3 or 4 days later, February 19 at the latest, he found the witness by the simple procedure of calling Dallas phone information.

█ As mentioned, the Speedy Trial Act addresses itself to readiness for trial. Appellant was not even indicted until 131 days after arrest. The State first declared readiness some 173 days after arrest and did not ever state or indicate that it was ready for trial anytime before that. Therefore even if we exclude the time period for the witness unavailability, February 7—Febru-

ary 19, as an exceptional circumstance, the 12 days subtracted from the 173 day period before the ready announcement, the State's readiness for trial did not meet the statutory 120 day limit.

The Speedy Trial Act addresses itself to prosecutorial delay. *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979). The prosecutor testified that he controlled the administration of the grand jury and its schedule of meeting and cases presented. The State here also controlled the submission of evidence to the laboratory. These are precisely the types of delay the Act seeks to control.

Because of the failure of the State to comply with Art. 32A.02 we reverse the judgment and order the indictment dismissed and appellant discharged under the terms of the Speedy Trial Act.

---

1. This testimony conflicts with the previous testimony that they were not able to include appellant's case in the February grand jury presentations due to the hearing case load. Why the witness was subpoenaed under the circumstances is not explained.