**Anthony Andrew AUGUST, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14–83–167CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 8, 1984.

T.W. ˋProctor, Houston, for appellant.

Jim Mapel, Angleton, for appellee.

Before PAUL PRESSLER, ROBERT-
SON and ELLIS, JJ.

OPINION

ELLIS, Justice.

Appellant, Anthony Andrew August, ap-
peals from a judgment of conviction of the
third degree felony offense of unlawful
delivery of marijuana. Appellant entered a
plea of not guilty and the case proceeded to
trial upon the parties' stipulation of evi-
dence. The court found appellant guilty
and sentenced him to not less than two nor
more than eight years in the Texas Depart-
ment of Corrections.

Appellant brings four points of error on
appeal. Point of error one claims that the
trial court erred in refusing to grant appel-
lant's several motions to set aside the com-
plaint and/or indictment pursuant to the
Speedy Trial Act inasmuch as more than
120 days had expired before the case was
ever presented to the Grand Jury and after
Motion to Set Aside the complainant had
already been filed, and because prior to
that time or thereafter the State never filed
a written motion to exclude time under the
Speedy Trial Act. Appellant's point of er-
ror two asserts that the trial court erred in
refusing to grant Appellant's Motion to
Quash the indictment because the term of
court on the indictment, described as the
October-March Term, A.D.1981, is an im-
possible term of Court. Point of error
three alleges that the trial court erred in
refusing to grant Appellant's Motion to
Quash the indictment because it failed to
show the place of the offense. In point of
error four, appellant contends that the trial
court erred in overruling his Motion to
Quash the indictment because it failed to
set forth the offense in plain and intelligi-
ble words.

We agree with point of error one; there-
fore, we will not discuss appellant's other
points of error. We reverse the judgment

of the trial court and order the indictment dismissed and appellant discharged under the terms of the Speedy Trial Act.

Appellant was arrested on October 4, 1981, in Brazoria County, and charged with the offense of unlawful delivery of marijuana. The evidence seized was turned over to the county's chemist on October 6, 1981. On January 6, 1982, the State filed a motion in the Justice Court for continuance and to exclude time, but never asked for a hearing on that motion or for the court to rule on the motion. On February 10, 1982, appellant filed a motion in the Justice Court to set aside the complaint because 120 days had elapsed since appellant's arrest and no indictment had been returned. Two days later, on February 12, 1982, Justice of the Peace Whitt issued a letter setting the matter for a hearing on March 2, 1982. On February 24, 1982, the State's attorney received the chemist report. March 2, 1982, was a holiday, so on March 1, 1982, the judge cancelled the hearing, intending to reset it. Meanwhile, on March 3, 1982, the State presented the matter to the Grand Jury, which returned an indictment against appellant.

An arraignment was set for March 10, 1982. At that time appellant asked for a ruling on his Speedy Trial Motion, and the State announced ready for trial on the seven day old indictment, one hundred fifty-seven (157) days from appellant's arrest. Appellant pled not guilty and the case was set for pretrial and trial simultaneously for March 15, 1982.

On March 15, 1982, appellant asked for a ruling on his Speedy Trial Motion (a revised version of his original Motion to Set Aside the Complaint now called a Motion to Set Aside the Indictment, filed March 10, 1982). The case could not be reached for trial due to older cases on the docket, and the matter was reset to March 25, 1982.

On March 25, 1982, appellant filed an additional instrument raising the Speedy Trial issue entitled a Motion to Quash the Indictment. The court overruled appellant's Speedy Trial Motion and appellant's other contentions concerning the validity of the indictment.

The case was set for trial on August 16, 1982, and for a Writ of Habeas Corpus hearing. When the writ of Habeas Corpus was heard, the parties agreed that the chemist report was returned to the State approximately 136 days after appellant was arrested, and before the case was presented to the Grand Jury or an indictment returned against appellant. Appellant again urged his Speedy Trial Motion. The State, without notice to appellant and without written motion, asked the court, based on the motion filed only in the Justice Court, to exclude time under the provisions of the Speedy Trial Act. The court overruled appellant's application for a Writ of Habeas Corpus.

Appellant appealed the denial of his Writ application; The Court of Appeals, dismissing the action, held that the issue of speedy trial is not subject to habeas corpus determination and that the court never acquired jurisdiction of the cause.

The case was set for trial on February 14, 1983. Appellant, however, did not receive notice, so the case was reset to March 14, 1983. On that date, the case proceeded to trial the parties stipulating what the State's witnesses would testify. Appellant pleaded not guilty and re-urged his Speedy Trial Motion. After the court's pronouncement of guilty and sentencing, appellant again urged his motion, which the court again overruled.

Appellant's first point of error alleges that the trial court erred in not granting appellant's motion to set aside the complaint and/or indictment pursuant to the Speedy Trial Act because more than 120 days had expired before the case was ever presented to the Grand Jury and after a Motion to Set Aside the Complaint had already been filed, and because prior to that time or thereafter the State never filed a written motion to exclude time under the Speedy Trial Act. The Speedy Trial Act provides in pertinent part:

Section 1. A court shall grant a motion to set aside an indictment, information,

or complaint if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony[.]

Tex.Code Crim.Proc.Ann. art. 32A.02 § 1(1). Section 4 lists periods to be excluded in computing the time by which the State must be ready for trial. Two possible subsections might exclude time in the present case:

(6) a reasonable period of delay resulting from a continuance granted at the request of the state if the continuance is granted:

(a) because of the unavailability of evidence that is material to the state's case, if the state has exercised due diligence to obtain the evidence and there are reasonable grounds to believe the evidence will be available within a reasonable time[.]

(10) any other reasonable period of delay that is justified by exceptional circumstances.

Tex.Code Crim.Proc.Ann. art. 32A.02 § 4(6)(A)(10).

The 120 day time limit under the Speedy Trial Act began to run on October 4, 1981, when appellant was arrested. Tex. Code Crim.Proc.Ann. art. 32A.02 § 2(a). The State announced ready on March 15, 1982, 162 days from appellant's arrest. The State bears the burden of putting on a prima facie case that it was ready and announced ready within the 120 day limit. *Apple v. State*, 647 S.W.2d 290 (Tex.Crim. App.1983). The State, therefore, had to show that at least 42 days were excluded under the Act to meet its burden.

Under Section 4(6), time is excluded due to a State's motion for a continuance. Tex.Code Crim.Proc.Ann. art. 32A.02 § 4(6). In our case, the State filed its motion only in the justice court and never asked for a hearing on its motion. In fact, the State could not have filed its motion in the District Court within 120 days because that court did not have jurisdiction until the indictment was returned. *Lloyd v. State*, 665 S.W.2d 472 (Tex. Crim.App.1984). Section, 4(6) therefore, excludes nothing from the time

period within which the state had to announce that it was ready for trial.

Under Section 4(10), however, the State need not file a motion for continuance. It is sufficient that the state show the exceptional circumstances to the trial court at the time the Speedy Trial Motion is heard. *Canada v. State*, 660 S.W.2d 528 (Tex.Crim.App., 1983).

Pursuant to that Section, the State showed that the laboratory which analyzed the marijuana was backlogged on the date it received appellant's case with 208 cases from four counties, involving 916 specimens, and requiring more than ten thousand tests. Further, the State showed that the laboratory had only one employee, Michael Manes, who performed clerical duties and testified in court in addition to doing the laboratory tests. Manes testified that he took cases out of order only in an emergency, such as the need for a search warrant. He also testified that while other labs might be able to analyze drug specimens in less than 120 days, he knew of only three others: the Department of Public Safety lab, which also had a backlog of cases; the Galveston Forensic lab, which charged fees for analysis; and the Houston Police lab, which did not accept out-of-county analysis requests.

The State could not announce ready without an indictment. *Pate v. State*, 592 S.W.2d 620 (Tex.Crim.App.1980). The State's attorney waited until he received the chemical analysis before he presented the case to the Grand Jury for indictment. However, he did not have to do so. The Grand Jury needs only probable cause to return an indictment. In our case, probable cause could have been determined from the police officer's testimony without the chemical analysis. *Lloyd v. State*, 665 S.W.2d 472 (Tex.Crim.App.1984).

Further, the failure of the State to have the sample analyzed within the time by which the Act required it to be ready for trial is not justified by "exceptional circumstances." We find *Lloyd v. State*, 665 S.W.2d 472 (Tex.Crim.App., 1984) controlling. In *Lloyd* the court said that

"exceptional circumstances" cases have fallen mainly into a category of court delays (i.e. overcrowded dockets, absence of judge, material witness unavailable due to hospitalization) rather than State delays. Lloyd was arrested on November 9, 1978, for delivery of marijuana. He was not indicted until March 21, 1979, 131 days after arrest. The State, in trying to exclude time under the Speedy Trial Act, claimed that the delay was due to the time it took to have the drug sample analyzed. The State delayed in submitting the sample for analysis, and the assistant district attorney testified that he never presented a drug case to the grand jury without a chemist's report.

The evidence in our case, as in *Lloyd*, was within the control of the State. The State could have told the chemist to take the sample out of order, or it could have sent the sample to a lab that charged fees for analysis. "The reasons given for this delay, convenience in economy, cannot be called an exceptional circumstance under § 4, (10)." *Lloyd*, 665 S.W.2d 472 at 475.

Because of the failure of the State to comply with the Speedy Trial Act, we reverse the judgment of the trial court and remand with instructions to dismiss the indictment and discharge appellant under the terms of the Act.