Gilmore v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-223-CR

     CHARLES GILMORE,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 12,782
                                                                                                    

O P I N I O N
                                                                                                    

      A jury convicted Charles Gilmore of aggravated assault with a deadly weapon and assessed
punishment at 99 years. Gilmore's court-appointed counsel has filed a brief in which she states
that the appeal is wholly frivolous and without merit. The brief meets the requirements of Anders
v. California, by presenting a professional evaluation of the record and advancing five arguable
grounds that might support the appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 13961,
18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807, 809-810 (Tex. Crim. App. [Panel Op.]
1978). 
      A copy of counsel's brief has been delivered to Gilmore advising him of his right to file a pro
se brief. No pro se brief has been filed within thirty days. See High, 573 S.W.2d at 812. 
      The first contention is that the return of the indictment by the grand jury was based on
"insufficient information." In January 1992 the grand jury of Coryell County indicted Gilmore. 
He did not file a motion to quash the indictment. The indictment alleged all the elements required
for an offense committed under section 22.02 of the Texas Penal Code. See Tex. Penal Code
Ann. § 22.02 (Vernon Supp. 1993).
      To return an indictment a grand jury needs only probable cause. August v. State, 681 S.W.2d
636, 639 (Tex. App.—Houston [14th Dist.] 1984). The members of a grand jury determine
sufficiency of the evidence to return an indictment. Ex Parte Port, 674 S.W.2d 772, 779 (Tex.
Crim. App. 1984). The courts will not go behind the actions of a grand jury to determine whether
sufficient evidence existed to justify the return of an indictment. Id. An indictment that follows
the words of the penal statutes is sufficient. Thomas v. State, 621 S.W.2d 158, 161 (Tex. Crim.
App. 1980). We overrule Gilmore's first arguable point of error.
      In his second arguable point, Gilmore contends that each element of the offense of aggravated
assault was not proven beyond a reasonable doubt. The State has the burden of proving, beyond
a reasonable doubt that Gilmore, in Coryell County, on or about October 22, 1991, intentionally
and knowingly caused bodily injury to Sherman Duhart by stabbing him with a deadly weapon,
that the manner of the weapon's use or intended use was capable of causing death or serious bodily
injury, and that the weapon was designed, made, and adapted for the purpose of inflicting death
and serious bodily injury. 
      The victim, Sherman Duhart, testified that Gilmore was the person who cut his neck. In court
Duhart identified Gilmore as his assailant. Johnny Smith, a correctional officer, testified that the
attack on October 22, 1991, took place in the Hughes Correctional Unit in Coryell County. 
Gilmore admitted that he knowingly and intentionally cut Duhart. Margaret Scott, a nurse at the
correctional facility, testified that Duhart was bleeding profusely from the wound and internally. 
She further stated that Duhart had no blood pressure reading and that his pulse rate was so weak
it could not be counted. Scott also testified that the weapon, a toothbrush with a razor blade
attached, was a deadly weapon that was capable of causing death or serious bodily injury. 
Furthermore, Gilmore admitted that he used the weapon to cut Duhart. Therefore, the evidence
was sufficient to prove the required elements beyond a reasonable doubt. We overrule the second
arguable point.
      In his third arguable point, Gilmore contends that the trial court erred by overruling the
motion to suppress his statement. Gilmore's motion to suppress his oral statement was based on
Lykins v. State, 784 S.W.2d 32 (Tex. Crim. App. 1989), in which the court held that an oral
statement given by an inmate to a TDCJ-ID major was compelled because the inmate would have
been penalized, pursuant to a prison regulation, if he refused to give a statement. Id. at 37.
      Edward McElyea, an Internal Affairs investigator, testified that the regulation requiring
inmates to respond to questioning or face disciplinary action is not enforced by his office. He
testified that his office made it clear to inmates that the information an inmate gave would be used
against him in a criminal trial. He also stated that he made it clear to Gilmore that he would not
be disciplined for failing to talk to him.
      In Lykins, the inmate's statement was given due to the inmate's fear of the consequences of
being disciplined. In the present case, there is no evidence of duress or that Gilmore gave his
statement because he was afraid of being disciplined. Thus, Gilmore's motion to suppress was
properly overruled. We overrule the third arguable point.
      In his fourth arguable point, Gilmore contends that the prosecutor's argument was not within
the record. Proper jury argument falls within the following categories: (1) a summary of the
evidence; (2) a reasonable deduction from the evidence; (3) an answer to the opponent's argument;
or (4) a plea for law enforcement. Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim. App.
1973). All other arguments are improper. The general rule is that the defendant must object to
the improper argument to preserve a complaint for appeal. Harris v. State, 784 S.W.2d 5, 12
(Tex. Crim. App. 1989). When the jury argument is so prejudicial that an instruction to disregard
the argument could not cure the harm, neither a timely objection nor an adverse ruling is required
to preserve the complaint for appellate review. Id. The jury argument in this case, however, was
neither prejudicial nor improper.
      Defense counsel did not object to the prosecutor's summation during the trial. However, we
see nothing in the closing argument that is so prejudicial that an instruction to disregard the
argument could not cure the harm. Thus, a timely objection was required to preserve the
complaint for appeal. We overrule the fourth arguable point. 
      In his final arguable point, Gilmore argues that the jury charges did not comply with the law. 
Gilmore requested a charge on the lesser-included offense of assault. For a defendant to be
entitled to a charge on a lesser-included offense, the offense must be within the proof necessary
to establish the offense charged and there must be some evidence in the record that if the defendant
is guilty, he is guilty only of the lesser-included offense. Aguilar v. State, 682 S.W.2d 556, 558
(Tex. Crim. App. 1985).
      The first prong is met—assault is a lesser-included offense of aggravated assault. See Booker
v. State, 127 S.W.2d 460, 460 (Tex. Crim. App. 1939). However, the second prong is not met. 
See Aguilar, 682 S.W.2d at 558. There are two ways in which the evidence may indicate that a
defendant is guilty only of the lesser offense. Saunders v. State, 840 S.W.2d 390, 391 (Tex.
Crim. App. 1992). First, there may be evidence that refutes or negates other evidence establishing
the greater offense. Id. Second, a defendant may be shown to be guilty only of the lesser offense
if the evidence presented is subject to different interpretations. Id. at 392. 
      Aggravated assault is committed when a person causes serious bodily injury to another or
threatens another with a deadly weapon. Tex. Penal Code Ann. § 22.02. 
      A deadly weapon is defined in section 1.07(a)(11) of the Texas Penal Code:
            "Deadly weapon" means:
                  (A) a firearm or anything manifestly designed, made, or adapted for the purpose                   of inflicting death or serious bodily injury; or 
                  (B) anything that in the manner of its use or intended use is capable of causing                   death or serious bodily injury.
Tex. Penal Code Ann. § 1.07(a)(11)(A), (B) (Vernon 1974).
      A toothbrush with a razor blade is not a deadly weapon per se under subparagraph (A);
however, it may be shown to be a deadly weapon under subparagraph (B) by showing the manner
of its use, its size and shape, and its capacity to produce death or serious bodily injury. See
Thomas v. State, 821 S.W.2d 616, 619-20 (Tex. Crim. App. 1991). 
      In the present case, a corrections officer and a nurse testified that the weapon used was a
deadly weapon. Furthermore, the nurse testified that Duhart had lost so much blood that she was
not able to get a blood pressure or a pulse reading. Therefore, the evidence does not refute or
negate the evidence of aggravated assault. See Saunders, 840 S.W.2d at 391. Based on the facts
of this case and the nature of the injury the razor blade produced, reasonable minds could not
differ about the manner of its use. See id. at 392. Because Gilmore used a deadly weapon he is
not guilty only of assault. See Aguilar, 682 S.W.2d at 558. Thus, Gilmore was not entitled to
a charge including the lesser-included offense of assault. 
      Gilmore also requested an instruction on self-defense. He argues that, for two weeks prior
to the offense, Duhart approached him about engaging in homosexual activity with him. He
further contends that he made the weapon after Duhart told him he would come to his cell after
school. Gilmore stated that he decided to cut Duhart to show him that he "did not play in
homosexuality."
      The use of force against another is not justified in response to verbal provocation alone. Tex.
Penal Code Ann. § 9.31 (Vernon 1974). There is no evidence in the record of any provocation
by Duhart other than verbal provocation. Thus, because there is nothing to indicate Gilmore cut
Duhart in self-defense, the court properly denied his motion for an instruction to the jury on self-defense. We overrule the fifth arguable point.
      After reviewing the statement of facts and the transcript, the Court is in agreement with
Gilmore's appointed counsel that the appeal is without merit. The Anders brief contains a
certificate of service to Gilmore reflecting counsel's compliance with Anders by sending a copy
of the brief to Gilmore and advising him of his right to file a pro se brief. As of this date, we have
received no brief from Gilmore. We have made a full examination of the record and find no error
requiring reversal. We, therefore, find the appeal without merit and affirm the judgment.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed March 3, 1993
Do not Publish