Larry Wayne JORDAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 62263.

Court of Criminal Appeals of Texas,
Panel No. 2.

Sept. 15, 1982.

Rehearing Denied Oct. 20, 1982.

David L. Botsford (court appointed), Austin, for appellant.

Henry Wade, Dist. Atty., and Bruce Evan Foster & Kathy Crier, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and McCORMICK, JJ.

OPINION

ROBERTS, Judge.

The appellant was charged by indictment with the offense of theft, a Class A misdemeanor. He waived his right to trial by jury and pleaded not guilty. The court found him guilty and assessed the maximum punishment (1 year in jail and a $2,000 fine). The appellant claims that the court erred in denying his pre-trial motion to set aside the indictment.[1]

■ Section 1 of V.A.C.C.P. Article 32A.02 requires that, "A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within ... 90 days of the commencement of a criminal action if the defendant is accused of a misdemeanor punishable by a sentence of imprisonment for

---

1. The motion actually called for the "Information" to be set aside. This mistake was immaterial. Throughout the proceedings, the court, the clerk, and both parties mistakenly referred to the charging instrument as an information.

more than 180 days...." This criminal action commenced on July 23, 1978, when the appellant was arrested.[2] The State did not announce that it was ready for trial until the day of trial, 194 days later. A timely announcement of ready is a prima facie showing that the State is "ready for trial" as the statute requires, but such an announcement is not essential; the State also may make a prima facie showing by declaring at the hearing on the motion to dismiss that it was ready for trial within the statutory time limit. *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979). The State made no such declaration in this case; its only response to the appellant's motion to dismiss was, "State would just ask the Court to consider the jacket."

■ On appeal, the State does not maintain that it was ready for trial within 90 days. Rather, it seeks to exclude from the computation of the time within which it was required to have been ready for trial three periods totalling 110 days. Such exclusions are provided in V.A.C.C.P. Article 32A.02, Section 4. The burden of proving such exclusions is on the State. *Pate v. Smith,* 592 S.W.2d 620 (Tex.Cr.App.1980); Cohen, "Senate Bill 1043 and the Right to a Speedy Trial in Texas," 7 American Journal of Criminal Law 23, 30 (1979). No proof was offered by the State. The record fails to support at least one of the three periods now claimed for exclusion, and this failure is fatal to the State's argument.

■ The State rests its claim for 95 days of exclusion on a notation in the docket, "10–6–78 Bond Forfeiture." (This was followed by the notation, "1–9–79 Bond Forfeiture set aside.") The State claims that this proved an exclusion under Section 4(4): "a period of delay resulting from the ab-

sence of the defendant because his location is unknown and: (A) he is attempting to avoid apprehension or prosecution; or (B) the state has been unable to determine his location by due diligence." The docket notation does not demonstrate that the appellant's location was unknown, much less the other matters; in fact, a prosecutor filed an instrument dated 10/6/78 on which the appellant's address and telephone number appear.[3] This record may be contrasted with that of *Hamilton v. State,* 621 S.W.2d 407 (Tex.Cr.App.1981), in which evidence of the appellant's use of an assumed name was sufficient to have proved the State's entitlement to an exclusion under Subsections 4(4)(A) or 4(10) of Article 32A.02. The State does not, and cannot, argue that this record proved the "exceptional circumstances" provided for in Subsection 4(10).

The State having failed to demonstrate that it was ready for trial within the statutory time or that a sufficient period should have been excluded from that time to bring it into compliance, the court erred in denying the motion to set aside the indictment. The trial court will be directed to set aside the indictment.

■ The appellant also challenges the sufficiency of the evidence. Normally, we are required to consider such claims, even when we have found reversible error, because an appellate reversal for insufficient evidence would call for an acquittal, while a reversal for trial error merely calls for a new trial. *Rains v. State,* 604 S.W.2d 118, 120 (Tex.Cr.App.1980). The claim need not be considered in this case, however, for the setting aside of the indictment will require the trial court to discharge the appellant, which will bar further prosecution for this

2. "Except as provided in Subsections (b) and (c) of this section, a criminal action commences for purposes of this article when an indictment, information, or complaint against the defendant is filed in court, unless prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested." V.A.C.C.P. Art. 32A.02, Sec. 2(a).

3. The appellant also pointed out to the court that he had been present in the jurisdiction, that he had not tried to avoid prosecution, and that he had received no notice of setting until the court sent him a letter in January, at which time he appeared and was given counsel. His bond was reinstated.

offense or for any other offense arising out of the same transaction. V.A.C.C.P. Article 28.061.

The judgment is reversed and the cause is remanded with directions to set aside the indictment.