Michael B. Suffness, Plano, for appellant.

H. Ownby, Criminal Dist. Atty., McKinney, Roger V. Dickey, Asst. Dist. Atty., for appellee.

Before STOREY, WHITHAM and ROWE, JJ.

ROWE, Justice.

Appellant was convicted of burglary of a habitation, and punishment was assessed at confinement for life in the Texas Department of Corrections. Appellant contends, inter alia, that the trial court erred in failing to grant his motion to set aside the indictment for failure to bring the cause to trial within the time, 120 days, prescribed by TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1984), the Speedy Trial Act. We agree with appellant's contention, and accordingly, we reverse the conviction.

■ Appellant was arrested on July 12, 1982, for the present offense. An indictment was filed on December 9, 1982, the State filed its written announcement of ready on December 10, 1982, and appellant filed his Motion to Set Aside the Indictment on December 20, 1982. At the hearing on appellant's motion, the State orally announced that it was ready and had been ready "as early as the 60th day from the time the defendant was arrested." Such an oral announcement is generally sufficient as a prima facie showing of readiness, *Jordan v. State,* 639 S.W.2d 477 (Tex.Crim. App.1982); the Court of Criminal Appeals

**Rickey Ray GOLDEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–00345–CR.**

Court of Appeals of Texas,
Dallas.

June 15, 1984.

has held, however, that the State cannot be ready until an indictment or felony information has been filed. *Buford v. State*, 657 S.W.2d 107 (Tex.Crim.App.1983) (*en banc*); *Pate v. State*, 592 S.W.2d 620 (Tex. Crim.App.1980).

In the instant case 149 days elapsed from the date of arrest to the date of indictment. The State therefore has the burden of proof to show that 29 or more of the days between the arrest and indictment may properly be excluded under one or more of the provisions of article 32A.02, section 4, so as to bring this case within the permissible limits of the Speedy Trial Act. *Buford*, 657 S.W.2d at 108–9; *Jordan v. State*, 639 S.W.2d 477 (Tex.Crim.App.1982). The State has chosen to argue to the trial court, and to this court on appeal, that the following exception is applicable to the circumstances of this case:

> Sec. 4. In computing the time by which the state must be ready for trial, the following periods shall be excluded:
>
> (1) a reasonable period of delay resulting from other proceedings involving the defendant, including but not limited to proceedings for the determination of competence to stand trial, hearing on pretrial motions, appeals, and trials of other charges.

■ During the 149 days in question appellant was tried and convicted of two unrelated felonies. The State contends that more than 29 days were spent preparing, investigating, and trying those cases and thus were excludable under the above-quoted subsection. In support of this contention, the State produced the records of those cases and requested the trial judge to take judicial notice of the docket sheets contained therein. Appellant answered that, although the time spent in court on other matters concerning appellant is indeed excludable, only five days were spent in trial on the two matters relied upon by the State. We have examined the record and find that the time spent in court on those other causes, as noted on the docket sheets in the record, amounts to less than 10 days for both cases. The State would

have us extend the subsection 1 exception to include time spent *preparing* for other matters involving defendant. Although subsection 1 indeed allows exclusion of "reasonable delay *resulting from* other proceedings," we need not determine at this time whether preparation time is to be considered as "reasonable delay," because the State has failed to present any evidence regarding what preparation occurred and what amount of time was required. The State has thus failed to carry its burden of proof, and the appellant is entitled to relief under the provisions of article 32A.02.

We need not address appellant's remaining contentions. The judgment is reversed, the indictment is ordered dismissed, and the appellant discharged under the terms of the Speedy Trial Act.

Reversed and rendered.