Ref No    PD 115-15

# IN THE COURT OF CRIMINAL APPEALS

## AUSTIN , TEXAS

FERNANDO MAGALDE

PETITIONER

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 17 2015

Abel Acosta, Clerk

V.

THE STATE OF TEXAS

APPELLEE

petition for Discretionary Review of the 8th Court of appeals
El Paso County ,Texas Appeal No 20110D05035  and the judgment
by the 120th District Court the Honorable Judge Maria-salas

ORAL ARGUMENT REQUESTED

### Parties

Judge
Maria-Salas

Prosecutor state

Jaime Esparza,
Manuel Arambula,
Nathan Brown,
34th Judicial Dist Attorneys
500 E, San Antonio Room 201
El Paso Texas 79901

Trial Counsel

Attorneys
Robert Riley,
Jaime Gandara
ElPaso publish defender
500 E, San Antonio, R 501
El paso Texas 79901

Appellate Counsels
Clara Hernandez,
Penny Lee Anderson

FERNANDO MAGALDE
                Petitioner                          §
                                                    §
                                                    §        Ref'd PD  0114-15
    V.                                              §        App NO 08-12-00064-CR
                                                    §        Trial NO 20110D06141 -120-2
                                                    §
THE STATE OF TEXAS                                  §
                Appellee                            §
                                                    §


PETITIONER , PETITION FOR DISCRETIONARY REVIEW
AND MEMORANDUM IN SUPPORT
_____

TO THE HONORABLE JUDGE OF SAID COURT

    Comes Now Fernando Magalde, Petitioner Pro se,Hereinafter Magalde in the above styled and Numbered cause to file this petition and Memorandum in support thereof his petition for Discretionary Review and will show the court the following

I

FACTUAL / PROCEDURAL BACKGROUND

Petitioner Magalde was charged in a three count indictment with Robbery COUNT I, Aggravated Kidnapping COUNT II,And Unlawful use of a motor vehicle COUNT III, At the trial the jury found him not guilty of Count one the Robbery and Count III, the Unlawful use of a Motor vehicle, The jury also found him not guilty of the Aggravated Kidnapping Count II, But found him guilty of the lesser included offense Unlawful Restraint' of Count II (CR 174) at the punishment phase January 25, 2012 the jury assessed punishment at 365 days jail time and a fine of $4,000 dollars (RR5,233)) (CR 155) Sentencing was imposed by the Honorable Judge Salas-Mandoza in the same (RR5,237) (CR 11-12 ) Notice of appeal was given an signed on by Judge Salas-Mendoza January 25, 2011 (CR 135 ) with a second notice filed February 9,2012 (CR 166-167)

II

Magalde appealed his conviction to the 8th court of appeala El Paso Judical district styled FERNANDO MAGALDE.V.THE STATE OF TEXAS,App NO 08-12-00065 CR whom in a unpublished opinion affirmed the conviction on March 12,2014 The

-1-

Original date for filing the petition for Discretionary Review was April 27,2014, However a letter was sent to the El Paso Public Defender Office by petitioner who requested them to file an extension of time ,his letter was not transmitted to the court of appeals do to a clerical error which caused the time period for filing of the ( PDR ) to calpse, A motion was filed by the El Paso Public defender office on June 13,2014 seeking extension of time, that letter was subsequently denied by the court of criminal appeals June 16, 2014

Petitioner then filed an application for writ of Habeas Corpus to the court of criminal appeals pursuant to Article 11.07 of the texas Code of Criminal Procedural seeking permission to file an out-of-time petition for discretionary review ( WRIT NO WR 82-561-01 ) Which was granted in his favor on January 14, 2015 granting him an opportunity to file an out-of-time petition for discretionary review the courts mandate issued on February 9,2015 A motion for extension of time was filed by petitioner on January 20,2015 seeking another extension of time to prepare and file his PETITION WHICH WAS ALSO GRANTED February 2,2015 which extended to period for filing the ( PDR ) until may 11, 2015

## III
## JURISDICTION

This Honorable Court has Subject matter Jurisdiction pursuant to Texas Rules of Appellate Procedural Rules 66.1, 66.3 and 68 as part if its punitive power to review criminal matter

## IV
## REQUEST FOR ORAL ARGUMENTS

Oral arguments are necessary so that petitioner may better advise the courts why the error in the courts jury charge rendered the evidences Legally insufficient ,,and why the verdict constitutes a violation of due process ,oral argument will further permit petitioner to show way the opinion of the 8th court of appeals was also flawed ,that a reversal and Remand is Thus warranted

# TABLE OF CONTENTS

Cover page ....................................................... 0

Factual / Procedural Background ................................. 1

Jurisdiction ..................................................... 2

Request for Oral Arguments ....................................... 2

Index of Authorities ............................................. 3

Statement of Case ................................................ 5

Statement of Facts ............................................. 5-6

Issues Presented ................................................. 6

Arguments /Authorities ........................................... 7

# TABLE OF AUTHORITIES

**Supreme Court Cases**

Brunks.v.United States,347 U.S 1,96 S.CT.2141,57 L.Ed .2d 1 (1978 ) ... 6,14

Hopper.v.Evans, 456 U.S,605,120 S.ct 2049,72.L.Ed.2d.367 (1982 ) .... 13

In Re Winship 397 U.S.358,90.S.CT .1068.25 L.Ed .368 (1970 ) ....... 15

Jackson.v.Virginia,443 US 307,318-20 99 S.CT 2781 2788-89 .... 11

**Federal Cases**

U.S.V.Baker ,820 F.2d.2033,2035 ( 9th Cir 1984 ) ............... 7

U.S.V.Scroggos,379 .F.3d.233,353,357 (5th Cir 2004 ) .......... 15

**State Cases**

Bagnill.v.State,887.S.W.2d.21.(Tex.Crim.App 1998 ) ......... 7,8,9

Barnas.v.State,644.S.W..2d.1.(Tex.Crim.App 1981 ) ........... 13

Benavides.v.State,763.S.W.2d.587,589.(Tex.App.Corpus.Christi 1988 pet Ref'd) .. 7

Brinage.v.State,918 S.W. 2d at 644,675,76 (Tex.Crim.App 1994 ) ...... 14

Brooks.v.State, 323.S.W. 3d at 894,95 (Tex. Crim.App 2009 ) ...... 11

Curry.v.State.966.S.W. 2d 203 ( Tex.App El Paso 1998 ) ......... 9

Doyles.v.State,632 S.W. 2d a 732,788 ( Tex. Crim.App 1982 ) ....... 13

Gollihar.v.State,46 S.W. 2d at 243.(Tex.Crim.App 20001 ) ...... 12,13

Griffith.v.State, 976 S.W. 2d.686,690 ( Tex.App.Tyler pet Ref'd ) .... 13

Hampton.v.State,165.S.W. 3d 691 ( Tex.App Houst [1st Dist] 2005 ) ..... 6

Holcomb.v.State. 745 S.W. 2d 903 ( Tex.Crim.App 1988 ) ....... 12

Johnson.v.State.84 S.W. 3d 724 ( Tex.App Houst [1st Dist] 2002) ..... 11

Jordan.v.State.639 S.W. 2d 477,478 ( Tex.Crim.App 1982 ) ....... 14

Kieschnick.v.State.911 S?W? 2d 156,161 ( Tex.App Waco 1995 ) ...... 11

Kulzner.v.State.994 S?.W2d. 180.184 ( Tex.Crim.App.19999) ......... 11

McCantirn.v.State, 647 S.W. 2d at 100 ( Tex.Crim.App 1983 ) ..................... 8

Newton.v.State,648.S.W. 2d 693,694 ( Tex.Crim.App 994 ) . . . . . . . . .. . .. 12

Ochoa.v.State,955. S.W. 2d at 92,93 (Tex.Crim.App.1984 ) . . . . . . . . . . . . . 6

Rezac.v.State, 782 S.W. 2d 869,870 ( Tex.Crim.App 1990 ) . . . . . . . . . 13

Richarder.v.State,832 S.W. 2d at 171 ( Tex.Crim.App 1998 ). . . . . . . . 12

RRousseau.v.State.855 ..S.W. 2d 666,673.(Tex.Crim..App 1993 ) . . . . . . 7

Royster.v.State, 622.S.W. 2d 980 (Tex.Crim.App 1984 ). . . . . . . . . . 7

Seanz.v.State,131.S.W.3d 43.(Tex.App.San.Antinio.2003 ) . . . . . . . . 12

Trujillo.v.State,227.S.W..3d 164 (Tex.App.Houst [1st Dist]2006 ) . 10

Westbrook.v.State,29.S.W.3d 103,113 (Tex.Crim.App 2000). . . . . . . . 8

## Statutes / Penal Codes

Art 37.08 T.C.C.P . . . . . . . . . . . . . . . . . . . . . . 12

Art 37.09 T.C.C.P . . . . . . . . . . . . . . . . . . . . . 8

Art 21.24 (a) & (b) . . . . . . . . . . . . . . . . . . . . . 12

§ 2.01 . . . . . . . . . . . . . . . . . . . . . . . . . . 7

§20.01(2)West 2003 ) . . . . . . . . . . . . . . . . . . . . . 9

§20.02(a)(West) 2003 . . . . . . . . . . . . . . . . . . . . . 9

§20.04(a) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

§6.03 (b) . . . . . . . . . . . . . . . . . . . . . . . . . 10

§1.07(5)at134 (1985 ) . . . . . . . . . . . . . . . . . . . . 12

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . 14

Prayer For Relief . . . . . . . . . . . . . . . . . . . . . 15

Certificate of Service . . . . . . . . . . . . . . . . . . . 15

## STATEMENT OF THE CASE

Petitioner Magalde is Appealing the opinion of the 8th Court of Appeals Appeal Number 08--12-00065-CR which affirmed his conviction March 12,2014 for the 120th Judicial District Court El Paso County,Texas for Unlawful Restraint ( RR4,98) CR at 147 ) A Class A Misdemeanor . Trial NO 20110D00050-35-120-2, Holding that the Evidence where sufficient to support the jurys findings of guilt as to the Lesser included offense . ( 8th ct App Brief at **page 3-7 )**

## STATEMENT OF FACTS

Petitioner trial bagan on January 20, 2012 durin trial the complainant Ms mslissa Maribel Ferrera testified that on the 17th of July 2010 she and the petitioner Mr Fernendo Magalde had been dating since 2004, and had two children (RR3, 61) On the date in question Ms Ferrera testified that she and Magalde where at a friends house, Later in the evening they all decided to go to a festival in San Elizario ,Texas (RR3, 69) She stated that although Magalde was drinking alcohol she allowed him to drive her vehicle in which she one of there two doughter rode with her and Magalde (RR3, 71 ) Once they arrived at the Kermes festival, Ms Ferrera and Magalde got in to an argument (RR3,9 SHE TESTIFIED SHE REFUSED TO GET OUT OF THE VEHICLE AND ATTEND THE FESTIVAL WITH Magalde , Because he'd been been drinking and appeared very Drunk and she knew him to become very jealous when he's with her,Ms Ferrera testified that petitioner Magalde started the vehicle and begain to drive off ,she turnned her head to the side and away from him,and thats when Magalde struck her on the side of her head (RR3,71 ) she also testified that she didn't want to go with Magalde and started to get out the vehicle ,Because she knew that he would continue to hit her, (RR3,72 ) But when she attempted to get out petitioner Magalde grabbed her by the hair,( RR3, 71-72 ) Ms Ferrera testified that she attempted to Call 911, on her cell phone for assistance But before she could dial the number Magalde took her cell phone away from her ( RR3, 72-73 ) and began to drive toware his mother house,She testified that as he drove he continued to grabbing her hair to prevent her from exiting the vehicle, Once they arrived at his mother house he told her to stay put, while he took their four year old doughter inside (RR3,73-74 ) Ms Ferrera

-5-

testified that she got out the vehicle and begain to run away, But petitioner cought her and began assaulting and hitting her some more until ,his mother came and intervened by standing between then to protect her , Ms Ferrera testified she then went in to petitioner mother's house and got a Knift from the kitchen in order tp protect herself,(RR 3, 74-75 ) and told petitioner to stay away from her, at which point he got in the vehicle and left ( RR3,76) In addition Ms Ferrera testified that she asks petitioner to give her ,her belongings such as her Purse,Money ,ID Card and other things,but he just drove away, she testified that petitioner mother didn:t have a phone in her house ,So she and her doughter walked about three blocks before finding a person to whom let her use there phone to call 911 ( RR 77-79 )

when deputy from the El paso police Department arrived , she testified she begain explaining to officer what happen ( RR3, 80 ) One of petitioner friends dropped off her other doughters deputy then took her,her children back to her house in El Paso ( RR3,77-79)Ms Ferrera testified that she didn't have keys to her house and feared petitioner would return so the deputy helped her secure her house by blocking the front door with a sofa (RR3, 82-83)

## ISSUES PRESENTED FOR REVIEW

**THE EVIDENCE ARE LEGALLY INSUFFICIENT TO SUSTAIN PETITIONER CONVICTION FOR THE LESSER INCLUDED OFFENSE OF UNLAWFUL RESTRAINT**

Petitioner challenges the opinion of the 8th court of appeals and it's evaluation of his insufficiency of the evidence claim to support his criminal conviction, He claim that the trial court improperly submitted the charge on the Lesser included offense,even though it was not raised by or from the evidence presented at trial,[1] He argues that the 8th court of appeal did not consider the two prong test implemented by the Court of Criminal Appeals, when determining whether the evidences where Legally sufficient to support his Conviction ,and asks this Honorable Court to Grant his Petition for discretionary Review in the interest of justice, and will demonstrate the Verdict was so against the great weight and prepondrance of the evidence to be clearly

Footnote ————————

1, Ochoa.v.State,955.S.W.2d.389.392-93 (Tex.Crim.App.1984 ) Ochoa challenge the legal sufficient of the evidence to support his conviction on the Lesser included offense in a Sexual Assault case in which the court improperly submitted a charge on Sexual Assault as a Lesser to the Agg'Sexual Assault, Hampton .v.State,165 S.W.3d at 691 (Tex.App Houst [1st Dist] 2005

wrong and manifestly unjust,that the Conviction cannot stand,U.S.V.Backer 720 F.2d.2033,2035.( 9th.Cir.1984 )

## ARGUMENTS / AUTHORITIES

Petitioner Argues that the 8th Court of Appeals failed to review the sufficiency of the evidence by looking at the elements of the charging offense as incorporated in the courts charge to the jury, **Benavides.v.State,**763 S.W. 2d.587 588-89 ( Tex.App Corpus.Christi.1988) Pet Ref'd ), in its consideration of the Legally sufficient of the evidence claim , The Fourteenth Amendment of our Constitution houses due process protection in which theU.S Supreme Court [has] determine requires ,that the jury must find each and every element of the offense charged beyond a reasonable doubt, Our Penal Code , also requires that no person may be convicted of an offense , Unless each and every element of that offense is proved,**TEX.PENAL CODE §2.01**

The record reflects that petitioner made an objection to the courts charge on Aggravated Kidnapping (RR4, at 25-26 ) that was overruled by the trial court,petitioner counsel argued that the trial court should not charge the jury ,because a charge on Aggravated Kidnapping wasn't warranted, given the circumstance of petitioner action[2] However the trial court submitted and instruction on that offense as well as the Lesser included offense "Unlawful Restraint" ( RR4 at 26-27 ) which is at issue here,He claims that the charge was improper and was Abuse of discretion on part of the trial court for ignoring petitoner due process ,

In determining whether to charge a jury on a Lesser included offense a two prong test [ Must ] be satisfied, First step requires that the lesser included be within proof necessary to establish the greater offense,**Royster.v.State,** 622..S.W.2d.980 (Tex.Crim.App.1984 ), The second step requires that there be some evidences exist in the record directly [ Germane ] to the lesser included offene,**Rousseau.v.State,**855 S.W..2d.666,673.(Tex.Crim.App.1993 ) Both prongs must be met and applys equally to the state as well as defendant if evidence presented at trial will no[t] raise an issue of a lesser offense the court need not charge the jury on the lesser included offense, **Bignall.v. State,**887 S.W. 2d.21,24.( Tex.Crim.App.1994 ) merely because it is within

FOOTNOTE ————————

2, Hampton .v.State 165.S.W.3d.691.( Tex.App.Houst.[1st Dist] 2005 Hapmton challenged the legal sufficient of the evidence to support his conviction,Based on an improper charge on a lesser included offense ,The court agreed with hampton the charge was improper and reversed ,Remand hampton conviction for Sexual Assault,

proof necessary to establish the greater , the second prong of the two prong test is preserved for the integrity of the jury as the fact finder by ensuring that juror are [ Only ] instructed on a lesser included offense when the evidences Constitutes it as a Valid alternative to the charging offense , **Westbrook.v.State**,29 S.W. 3d at. 103.113.(Tex.Crim.App 2000) Also ARTICLE 37.08 AND 37.09 T.C.CP. which Authorize that a jury may not convict the accused of a lesser included offense, unless the evidences reasonably justify them in doing so.

Petitioner will no[t] challenge the first prong of the two part test, Unlawful Restraint, is a lesser included of the charging offense,therefore this Honorable court need only determine whether the second prong was satisfied and must do so by determining ,if the record contains sufficient evidence to support First the trial court submission of the lesser included offense it must find that evidences show that ,If petitioner was guilty, he was guilty [ONLY ][3] of the Lesser offense of " Unlawful Restraint", He argues that it is no[t] enough that the jury may disbelieve crucial evidence pretaining to the greater offense ,**McCantion.v.State**,647..S.W.2d.100.(Tex.Crim.App 1983 ) the evidence must be directly germane to his guilt ,in shortbefore a charge is warranted the two prong must be satisfied [4] Id. 100 There must

FOOTNOTE ─────────────

3, **Thus the** defendant denieds commission of any offense and therefore presents no evidence establishing commission of a lesser included offense [he] is no[t] entitled a charge on the lesser offense Bignall.v.State 887 S.W. 2d at 21,24 ( Tex.Crim.App 1994 )

4,Magalde was not entitled to a lesser offense instruction ;nore was the state simple because the jury may choose to disbelieve his story ,does not of itself create a right to a lesser included offense charge, Fraga.v.State,940 S.W. 2d 736,738,( Tex.App San Antinio 1997 ) to hold otherwise is tantamunt to consideration of evidence outside the record andwould be a Broad ruling for the courts to be allowed to submit a lesser offense even those not raised merely couse there is a possibilily there was only a lesser offense committed

5, because the record indicates the a time objection was made ,this error was therefore preserved for appellate review, the 8th court of appeals ,therefore err in not assigning the error in its review of petitioner insufficient of the evidence claim under the Jackson .v.Virginia standard Id 99.S.CT 2792 (1998)

be evidence pointing directly, to his guilt only of the lesser included offense **Jackson.v.State**,115 S.W. 3d at 326 ( Tex. Crim.App. 1991 ), the issue is no[t] resolved by merely determining that the crime charged includes a lesser offense at the trial of this cause petitioner objected to trial courts instruction on Robbery and Aggravated Kidnapping ( RR4, 4-5-13-20-23 ) during discussion out side presences of the jury , despite oral arguments trial Court overruled thoses objections, **Johnson.v.State** 84 S.W. 3d at 724 ( Tex. App. Houst [1st Dist] 2002 )[5] ,In order to satisfy the second prong the evidence at trial must throw doubt upon the greater offense ,If the accussed presents no evidence that he committed the offense 'or' presents no evidence to the contrary,and theres no evidence that show otherwise that he's guilty [Only] of the Lesser included offense the trial court is [N]ot under any duty to submit instruction on a Lesser offense,**Bignall.v.State** 887 S.W. 2d at 21 (Tex.Crim.App.1998 )Regardless of who request the lesser offense instruction,the charge must no[t] cConstitute and invitation for the jury to reach a Compromise or otherwise unwarranted verdict as it did here,[6]

To warrant a charge on unlawful Restraint evidence [Must] have been directly [ Germane] to petitioner's guilt Onl[y] of the Lesser offense,As mention above the indictment charges petitioner with Aggravated Kidnapping Count II under Section 20.04(a) of the Penal Code, Aggravated Kidnapping is a complete offense when restriant is accomplished ,we're there's evidences of the actor specific intent to prevent liberation of the Victim,by secreting or use or threateed the use of deadly force.V.T.C.A Penal Code § 20.01(2)west 2003 ) Citing **Curry.v.State**,966 S.W. 2d 203 ( Tex. App El Paso 1998) Abduction means to Restraint, ,Here the state was also Required to prove in order to show the Lesser included offense of unlawful Restraint. Had to show & prove that petitioner " intentionally ,or, "Knowingly restrains another person Melissa Ferrera by restricting her movement without her consent,so as to interfere substailly with her "liberty" by moving Melissa Ferrera from one place to another "or" by confining Ms Ferrera TEX.PEN.CODE ANN § 20.02 (a)(West 2011 ) in this context Restraint is without consent ,if it is accomplished by "force,intimidation,or deception Id at § 20.01(1) (A)

FOOTNOTE ————

6,when the sufficiency of the evidence is challenge under state Law, appellate courts measure the evidentiary sufficiency against the elements of the offense as defiend by the hypothicaly correct jury charge Gollihar.v.State.46.S.W. 3d.243 ( Tex.Crim.App.2001 )

A person acts intentionally 'or' with intent with respect to the nature of his conduct 'or' to a result of his conduct when it is his conseious objection or' desire to engage in the conduct 'or' cause the result ,A person acts knowingly ,or, with Knowledge with respect to the nature of there conduct,or, to the circumstances surrounding their conduct when he or she is aware of the conduct ,and circumstance exist that the acts knowingly or with knowledge with respect to a result of their conduct when ..when aware that there conduct is reasonably to creat the results,[7] The record reveals the complainant willingly left the friends house with Mr Magalde and one of there two doughter to go to a festival in San Elizario,Texas Ms Ferrera,her doughter, rode with petitioner Magalde who drive her vehicle ,Once they arrived there Complainant and Mr Magalde got into an argument ,Complainant then refused to get out the vehicle, and attend the festival ,because petitioner was drunk which some times caused a problem, because he would become very jealous when with her, after she refused to get out petitioner started the vehicle again and begain to drive off away from the festival, Conplainant turned her head away from him and he struck her on the side of her head, ,Complainant then decided she wanted to exist the vehicle ,although it was moving , But petitioner grabbed her hair pulling her back to provent her from jumping out the moving vehicle,[8] Complainant attempted calling 911,But her phone was taken away from her, petitioner drove to toware his mother house ,once there he told complainant to stay in the vehicle while he took their four year old doughter inside,But complainant got out the vehicle and beagin to run away but was stopped ,and further assaulted by petitioner until he 's mother came out and stood between, then to protect complainant from being further hit or assaulted by Magalde complainant when got a knief from magalde mother house came back told him to leave her along, he got in the vehicle and drove it away, ,

from this evidence ,its clear that a charge on Unlawfull Restraint wasn't warranted, that trial court clearly abused it's discretion submitting it,[9] **Trujilo.v.State,** 227 S.W. 3d at 164,168 ( Tex,App.Houst [1st Dist]2006) it is for this reason the evidence is insufficient to support the jurys verdict and finding that if he was guilty ,he was guilty only of the lesser offense ,

FOOTNOTE ——————

7, Tex Penal Code § 20.02 (a)

8, Texas Penal Code § 6.03(b)

9, The jury could no[t] have reasonable concluded that petitioner intentionally or Knowingly restrained Ferrera, simply cause he pulled her hair

petitioner Constitutional rights to due process where effected by this error while the record indicates no specific objection[10]other then to the courts charge on Kidnapping (RR4,23-24-27 ) the sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge under the jackson standard, the reviewing court are to review evidences in the record in the light most favorable to the jurys verdict,and determine whether a rational jury could have found each element of the offense was proven beyond a reasonable doubt,Jaskcon.v.Virginia,443 U.S.307,318-20,99 S.CT,2781,2788-89,61 L.Ed,2d 560 (1979) the court recognizes the jury as the sole judge of the weight and credibility of the witness testimony as the ultimate fact finder, and the reviewing court presumes that the jury resolved any conflict in the evidence in favor of the verdict,so long as such resolution is rational, the appeals court will no[t] defer to the resolution,Brooks.v.State,323 S.W. 3d at 894-95 (Tex.Crim.App 20009 ) ,

A jurys verdict and Judgment will be set aside ,if the evidence supporting guilt is so obviously weak 'or' the contrary evidence is so over whelmingly it out weighs the supporting evidence,[11] Petitioner asks the court to look to the charge and how it improperly instructs juror, First it doesn't charge the Aggravated Kidnapping in Count II of the indictment as [COUNT],Rather it instructs juror to find petitioner guilty in paragraph B, the following Error Occurred after it instruct then to find Magalde guilty by signing form A, , it go's on to tell them to proceed to consider paragraph B, which is" Aggravated Kidnapping charge COUNT II, unless you so find beyond a reasonable doubt or if you have a reasonable doubt thereof ,you will find the defendant Fernando Magalde Not guity of Robbery as charge in the indictment signing (verdict form B )Then next proceed to consider paragraph B,Paragraph B, of the charge Reads the following ,
if you from the evidence beyond a reasonable doubt ,find that on or about the 17th day of July 2010, in El Paso County,Texas the defendant Fernando Magalde did then and there intentionally or knowingly abduct another person Melissa Ferrera ,Hereinafter referred to as the Complianant, by secueing " or" holding the complainant in a place were the complainant was not likely

FOOTNOTE ————————

10, in Kieschnick.v.State,911 S.W. 2d 156,161 ( Tex.App waco.1995 ) The Court of Appeals concluded that although kieschnick did not raise an objection to the charge error raised on appeal for first time,it nonetheless concluded it had no choice, But to Reverse Remand the judgment

11, The standard of review is the same for both direct and circumstantial evidence cases,Kutzner .v.State,994.S.W.2d 180,184 (Tex.Crim.App.1999) the reviewing court is not to resolve any conflict of fact,weigh any evidence,or evaluate the credibility of any witnesses,

to be found, to-wit a Motor vehicle, with the intent to inflict bodily injury on the complainant, then you shall find the defendant Fernando Magalde guilty as charged in the indictment by using (Verdict form C), Then Next proceed to consider paragraph C, Unauthorized use of a Motor vehicle, ..Unless you so find beyond a reasonable doubt or, if you have a reasonable doubt thereof or if you are unable to agree, Next proceed to consider "Unlawfull Restraint' ... Now ,if you find from the evidence beyond a reasonable doubt that on or about the 17th day of July 2010 in El Paso County, Texas, the defendant ,Fernando Magalde did and there intentionally or knowingly Restraint another person, Melissa Ferrera then you will find the defendant guilty of Unlawful Restraint by using ( Verdict form D) then next proceed to consider paragraph C, Unauthorized use of a Motor Vehicle ) ....Unless you so find beyond a reasonable doubt ,or if you have a reasonable doubt thereof youwill find the defendant Fernando Magalde ,Not guilty of All Charges related to the Aggravated Kidnapping by using ( Verdict form E ) then Next proceed to consider paragraph C, (Unauthorized use of a Motor Vehicle )

As the court is able to see , the jury instruction improperly included the term or "phrase" paragraph to charge the commission of the offense's ..Rather then using the term ( COUNT) Which is what is used to charge an offense Citing **Seanz.v.State,**131 S.W. 3d at 43 ( Tex. App San Antinio 2003 ) And ARTICLE 21.24(b) of the Texas Code of Criminal Procedure, the phrase paragraph is used to submit the Aggaravte Kidnapping offense shown in Paragraph B, of the courts charge which does no[t] go on to instruct juror to next consider the offense of Unlawful Restraint as a Lesser included of COUNT II as in[ PARAGRAPH 1 or 2 Etc, Here Unlawful Restraint is improperly misjoined, And therefore the paragraph that charged Aggravated Kidnapping charges more then one offense **Holcomb.v.State,**745 S.W. 2d at 903 ( Tex. Crim.App 1988 ) a fair reading of Article 21.24(a)(b) along with Art 3.01,3.02 of the Penal Code, separate acts or offense of a different penal statute may be charge in a single indictment so long as those offense are charged in separate COUNTS, No paragraph may charge more then on[e] offense, Here the charge does just that ,Therefore Constituts an invitation to the jury to come to a compromise or otherwise unwarranted verdict ( Model Penal Code § 1.07(5) at 134 (1985) Article 37.08 T.C.C.P

FOOTNOTE ————

12,Richarder.v.State,832 S.W. 2d at 171, ( Tex.Crim.App 1998 )

13,even a pretrial failure of the charge to state the correct law of the offense to the facts of the case infringes on the accuseds federal and State Constitutional rights to due process,due course of Law Newton.v.State,548 S.W. 2d 693,694 ( Tex.App 1983 )

petitioner claims that we, the Reviewing Court should Reverse and Remand the decision of the 8th Court of Appeals and its holding that the evidence where legally sufficient to sustain his conviction, Although no specific objection was made ,The 8th court of appeals Erred in Not assigning Error to the Erroneous flaws in the courts jury charge as part of its Judicial Authority and granted power ,Barnas.v.State,644 S.W. 2d at 1, Rezac.v.State 782 S.W. 2d 869,870 ( Tex.Crim.App 1990 )in evalating his claim on appeal.

Since the evidence is measured for sufficiency by looking at the indictment as incorporated in the courts charges to the jury , Benavides.v.State,763 S.W. 2d .587,588-89 (Tex.App Corpus Christi 1988 pet Ref'd) The reviewing Court examine the whole charge and consider the workable relationship between the abstrack part of abstract law to the facts of the case, Griffith.v.State 976 S.W. 2d 686,690 ( Tex.App.Tyler pet Ref'd ) and should ultimalely asks whether a nautral review of [ all ] the evidence both for and agains't the finding demonstrates proof of guilt is so obviously weak as to undermine confidence in the jury's determination,as the fact finder, the jury may use common sence and apply common knowledge, observation, and experience gained, in the ordinary affairs of life, when giving effect to the inferences that may reasonably be drown from the evidence.[13]

The jury is Bound by the evidences and should therefore be limited to those included offenses in which a reasonable view of the evidence will sustain.. as such juror or no[t] to be free to pick and choose what offense the accused should be found guilty of...and cannot be given the freedom to legally convict the accused of a lesser included offense merely out of sympathy or for the purposes of reaching a verdict , the charge here on "Unlawful Restraint" only invitated juror to more or less come to a compromise and Unwarranted verdict after reviewing the evidence in the light must favorable to the verdict,This court should agree with petitioner that, Based on the charged error no rational trier of reasonable fact finder could have found the essential elements of Unlawful Restraint beyond a reasonable doubt , even if the proof of guilty although appears adequate , if taken alone it is greatly out weight by the contrary proof so that the beyond a reasonable doubt standard could not have been met, Hopper.v.Evans,456 U.S. 605,120 S.CT 2049,72 L.Ed.2d 367 (1982)

FOOTNOTE ————

The due process requires that a jury only be instructed on a Lesser offense when the evidence raises the issue Article 36.14 V.C.C.P PLACES A DUTY on the trial judge to prepare a correct charge Doyle.v.State,631 .S.W.2d.732-738( Tex.Crim.App 1982 )

when the state fails to prove each and every element beyond a reasonable doubt ,if a challenge to the sufficiency of the evidences is sustained ,petitioner would be entitled an Acquittal ,**Jordan.v.State**,639 S.W. 2d at 477,478 ( Texa.Crim.App.1982 ) Also See **Burnks.v.United States**,347 U.S,1, 96 S.CT,2141 57 L.Ed .2d.1 (1978 )

In **Brinage.v.State**,918 .S.W. 2dat 644,475,76 ( Tex.Crim.App.1994 ) The court of Criminal Appeals held that the state must prove that a Restraint was Completed and that the petitioner evidenced a specific intent to prevent liberation by either secretion or deadly force, grabbing the Complainant by the hair and pulling her back to prevent her from jumping out the moving vehicle ,in an efford to prevent her from possibility being hit ,ran over by another vehicle and Seriously hurt,and telling her to stay in the vehicle after that reached his mother house doesn't qualify as evidences preventing her liberation by secretion or deadly force[14]

For theses reasons delineated above petitioner would argues that the evidence were leagally insufficient for the 8th court of Appeals to sustain his conviction

## PRAYER FOR RELIEF

**Wherefore ,Premises** Considered petitioners prays that his Judgment of the 120th District Court,and The Opinion of the 8th Court of Appeal be Reversed and Remanded with an order for the trial court to enter a Judgment of Acquittal

RESPECTFULLY Submitted

Fernando Magalde
TDCJ-ID NO 01828858
McConnell Unit
3001 S,Emily DR
Beeville Texas 78102
4 / 10 / 2015

FOOTNOTE ——————————

14, in re winship 397 U.S 358,,90 S.CT 1068,25 L,Ed 368 ( 1970 ) The offense therefore must be proved beyond a reasonable doubt

-14-

## CERTIFICATE OF SERVICE

I,Fernando Magalde ,hereby certify that a true and correct copy of the fore-going Petition for Discretionary Review  was mailed to the clerk of the Court of Criminal Appeals  P.O.Box 12308 Captol Station Austin,Texas 78711,by place-ing the same in the Mail Postage Box her at the McConnell Unit 3001 S,Emily DR Beeville,Texas 78102 ,On the day April and date of 10 2015

Respectfully Submitted

Fernando Magalde TDCJ-ID
#01828058
McConnell Unit
3001 S,Emily DR
Beeville,Texas 78102
4 / 10 / 2015

15

Case No. _____
(The Clerk of the convicting court will fill this line in.)

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

**NAME:** Fernando Magalde _____

**DATE OF BIRTH:** _____

**PLACE OF CONFINEMENT:** McConnell Unit _____

**TDCJ-CID NUMBER:** 01828058 _____ **SID NUMBER:** _____

(1)   This application concerns (check all that apply):

☐   a conviction            ☐   parole

☐   a sentence              ☐   mandatory supervision

☐   time credit             ☒   out-of-time appeal or petition for
                                discretionary review

(2)   **What district court entered the judgment of the conviction you want relief from?**
(Include the court number and county.)

120th District Court, El paso County Texas

(3)   **What was the case number in the trial court?**

20100D06141

(4)   **What was the name of the trial judge?**

Maria Salas-Mendoza,

Rev. 01/14/14

**(5)** **Were you represented by counsel? If yes, provide the attorney's name:**

Robert Riley & Jaime Gangara

**(6)** **What was the date that the judgment was entered?**

January 25, 2012

**(7)** **For what offense were you convicted and what was the sentence?**

Unlawful Restraint

**(8)** **If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?**

N/A

**(9)** **What was the plea you entered? (Check one.)**

☐ **guilty-open plea**          ☐ **guilty-plea bargain**
☐ **not guilty**               ☒ *nolo contendere*/**no contest**

**If you entered different pleas to counts in a multi-count indictment, please explain:**

N/A

**(10)** **What kind of trial did you have?**

☐ **no jury**               ☒ **jury for guilt and punishment**
                          ☐ **jury for guilt, judge for punishment**

2

Rev. 01/14/14

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

N/A

(12) Did you appeal from the judgment of conviction?

☒ yes               ☐ no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to?  8th Court of Appeals

(B) What was the case number?  08-12-00064-CR

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:

M,Clara Hernandez & Penny Lee,Andersen

(D) What was the decision and the date of the decision?  Affirmed March 28,2014

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☒ yes               ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number?  N/A

(B) What was the decision and the date of the decision?  N/A

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☒ yes               ☐ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number?  WR 82-561-01

3

Rev. 01/14/14

**(B) What was the decision and the date of the decision?** January 2,2015

**(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.**

Because the Letter that was sent to the El Paso Public defender office requesting them to file for and extension of time was not transfered to the court of appeals ,due to a clerical error which caused the time period to expire, A Motion seeking out-of-time PRD was denied by the court of criminal appeals , June 16,2015 A Hebeas Corpus Appliction was gramted on January 2,2015 granting petitioner a chance to file this out-of-time petitioner for discretionary review now now before this Honorable Court

**(15) Do you currently have any petition or appeal pending in any other state or federal court?**

☐ yes                    ☒ no

If you answered yes, please provide the name of the court and the case number:

N/A

**(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)**

☐ yes                    ☒ no

If you answered yes, answer the following questions:

**(A) What date did you present the claim?** _____N/A_____

**(B) Did you receive a decision and, if yes, what was the date of the decision?**

N/A

If you answered no, please explain why you have not submitted your claim:

4

Rev. 01/14/14

N/A

_____

_____

_____

_____

_____

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

**GROUND ONE:** The evidence is insufficient to support the jurys verdict and finding of guilt for Unlawful Restraint

**FACTS SUPPORTING GROUND ONE:** The 8th court of Appeals did not in there Review of the sufficiency of the evidence to supporting the jurys finding consider the Error in the courts jury charge on the Lesser included offense that was no[t] warranted by or from the evidences presented at the trial of this cause and did not take into consideration that Unlawful Restraint could not have been the results when the complainant witness in this case admitted that she was together with petitioner at a friends house before they all decided the leave and attend the festive ,The complainant rode with petitioner in her truck to the festive, once they arrived there she refused to get out her truck,petitioner started vehicle in whichshe .One of there doughter rode along in and begain driving off ,at some point complainant truned away from petitioner and according to the complainant petitioner struck her on the side of her head, at which point she then decided she wanted to give out the moving vehicle , Once she attempted to do so .,petitioner in and act to prevent complainant from being ran over or hurt by a passing vehicle when petitioner begain to drive toward his mother house the complainant stated he continued pulling her by the hair, while driving to prevent her from exiting once that arrived at his mother house ,complainant stated petitioner told her to stay put , while he took their four year old doughter inside, But she didn't she got out the vehicle and begain running away ,But was stopped petitioner mother came out the house and got between the two of them to prevent petitioner for assaulting her , at which point the complainant went inside his mother house got a knift from her kitchen and returned ,then told petitioner to stay away from her , at which point petitioner simply got in the vehicle and drove it away , from this petitioner was charged in a three count indictment which Robbery Count I Aggravate Kidnapping Count II And Unlawful use of a Motor Vehicle Count II after argument the jury was charged on the same with and additional offense of Unlawful Restraint as a lesser included change of the aggravated Kidnapping ..the jury Acquitted him of Count I,II and III, However the jury found him to be quilty only of a lesser offense

On direct Appeal to the 8th court of Appeals ,Petitioner asserted a claim that alleged the evidence where insufficient to support the jurys verdict the 8th court of appeals disagreed with petitioner assessment of the claim and in and unpublished opinion affirmed the judgment of the trial court , in this petition for discretionary review petitioner is asking the court to look at the improper way that the jury charge instructs juror ,and the way the 8th Court of appeal over looked this issue and Errenous flaws in the court charge when conducting there review of the legal sufficieny at issue now before this Honorable Court See Memorandum at pages 1 -15

6

Rev. 01/14/14

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20____.

_____
Signature of Notary Public

16

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, _____, am the applicant / petitioner (circle one) and

being presently incarcerated in _____, declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _____, 20_____.

_____
Signature of Applicant / Petitioner (circle one)

17

Rev. 01/14/14

**PETITIONER'S INFORMATION**

Petitioner's printed name: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Signed on _____, 20_____.

_____
Signature of Petitioner

18

Rev. 01/14/14